## PARK DE WITT *vs.* ELISHA MOULTON.

The registry of a deed, without acknowledgment, is illegal, and confers no priority, and gives no rights.

Where a deed is illegally registered, it is not constructive notice to third persons, and should not be admitted in evidence to affect their rights.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Replevin for a house frame, boards, &c. In his brief statement the defendant alleged the property to be in one *Calvin Copeland,* whose servant he was. To prove property in himself the plaintiff offered in evidence a deed of mortgage from *Benjamin Morgridge* to *Elisha Foster,* dated *Nov.* 18, 1836, of certain land on which the frame had stood, and claimed property in the frame, under a bill of sale from *Foster,* dated *April* 11, 1837. The mortgage to *Foster* was recorded in the registry of deeds for the county of *Penobscot, Nov.* 19, 1836, but it had upon it no certificate of acknowledgment. The defendant objected to the introduction of this deed, because it did not appear to have been acknowledged. The Court permitted it to be read in evidence.

The defendant read in evidence a bill of sale of the same property from *Morgridge* to *Moulton,* dated *March* 18, 1837, and the payment of $50 therefor, and a sale from *Moulton* to *Copeland.* *Morgridge* sold the frame, which was then standing on the lot mortgaged, upon some stones, with the consent of *Foster,* who afterwards, and before the frame was entirely removed, gave notice that he retracted his consent.

There were several other questions with respect to the admission of testimony made at the trial, and argued in this Court by the counsel, but as the Court here considered the testimony immaterial, these questions will be no farther noticed.

The jury found for the plaintiff and the defendant filed exceptions.

*J. Appleton,* for the defendant, contended, that the deed from *Morgridge* to *Foster,* introduced by the plaintiff, claiming under *Foster* by purchase, and not being acknowledged, was improperly admitted by the Judge on the trial in the Court below. Such deed

De Witt v. Moulton.

gives no title to a purchaser, and should not have been admitted in evidence. Although the deed was improperly placed upon the records, it cannot be considered as giving notice to third persons of the existence of the mortgage. *Stat.* 1821, *c.* 36, § 1; 1 *Watts,* 322; 2 *Watts,* 31; 2 *Conn. R.* 527; 3 *Conn. R.* 406; 3 *Day,* 508; 5 *Mason,* 244; 2 *Mason,* 117; *Sigourney* v. *Larned,* 10 *Pick.* 72.

*Brinley,* for the plaintiff, contended, that the deed was rightly admitted in evidence to show that the frame was the property of *Foster,* when he sold it to the plaintiff as personal property. By execution and delivery of the deed, the land passes from the grantor to the grantee, and when the deed is recorded, the title relates back to the date. The statute is merely directory to the recording officer, but when the record is actually made, it is immaterial whether an acknowledgment appears or not. The deed was properly admitted to show that when the sale was made by *Morgridge* to the defendant, that the fee of the land was in *Foster,* and therefore the defendant took nothing by his bill of sale. *Marshall* v. *Fisk,* 6 *Mass. R.* 24; *Commonwealth* v. *Dudley,* 10 *Mass. R.* 403; *Pray* v. *Pierce,* 7 *Mass. R.* 381; *Pidge* v. *Tyler,* 4 *Mass. R.* 541.

The opinion of the Court was by

WESTON C. J. — The plaintiff derives title from *Elisha Foster,* whose right to the property in question, is based upon a deed from *Benjamin Morgridge.* That deed was recorded, without being acknowledged. We are satisfied, that it derived no validity from the registry. That acknowledged deeds only are entitled to be recorded, is very clearly implied from the *stat.* of 1821, *c.* 36, § 2, which makes a copy of a deed not acknowledged, left in the register's office, a caution to all persons against purchasing, or levying upon land so conveyed, for the space of forty days. And by the first section of the same statute, a deed is to have no operation, except against the grantor and his heirs only, unless it is both acknowledged and recorded. That the registry of a deed, without acknowledgment, is illegal, and confers no priority and gives no rights, was decided in *Sigourney* v. *Larned,* 10 *Pick.* 72, under a statute, of which the one before cited is a copy. The

registry not being .legally made, would not even be constructive notice to third persons. *McNeil* v. *Magee & al.* 5 *Mason*, 244. The deed to *Foster*, therefore, could not affect the rights· of the defendant, and ought not to have been received in evidence for that purpose.

We do not find the verdict supported by other parts of the testimony, if admissible. If *Foster* was entitled to the frame as mortgagee, the mortgagor might lawfully sell it with his consent, which was given. And the title being legally conveyed in virtue of it, he could not vacate the sale by revoking his consent. He derived no rights from the repurchase; it being a contract entered into with the vendee, ,after he had legally parted with his interest to *Copeland*, under whom the defendant justifies.

*Exceptions sustained.*