ROBERTS *v.* CRAWFORD.

| 58 | 499 |
| 69 | 137 |

A mortgage of chattels, without the affidavit required by law (Gen. St., *c.* 123, *s.* 9), is valid against a subsequent purchaser having notice that the mortgage was made in good faith and for a full consideration.

TROVER, for fifteen tons of hay. The plaintiff's title was a mortgage from one Gray to secure a note for $400. The plaintiff testified that the mortgage was given to secure a note for $400, which was given as security for the plaintiff's signing two other notes for Gray, neither of which had been paid by the plaintiff when the mortgage was given.

The defendant, a subsequent purchaser of the hay from Gray, claimed that the plaintiff's mortgage was invalid because it was in fact given to secure a liability and not a debt, and no liability was mentioned in the condition of the mortgage or the certificate of the oath. At the time of the purchase and removal by the defendant, the hay was in Gray's barn. There was evidence tending to show that the defendant knew of the existence of the mortgage when he bought the hay of Gray. The court refused the defendant's motion for a nonsuit, and the defendant excepted. Verdict for the plaintiff.

*Twitchell & Evans* and *Benton & Hutchins,* for the defendant.

*Fletcher* and *Drew,* for the plaintiff.

FOSTER, J. There is no suggestion of fraud or want of consideration between the parties to the mortgage; and the defendant rests his case upon the ground of a defect in the mortgage arising solely from a want of strict compliance with the terms of the statute (Gen. St., c. 123, s. 9) concerning the affidavit. The law must be considered as settled in this state, that a mortgage of personal chattels, without the affidavit required by law, is valid against a subsequent purchaser with notice that the mortgage was made in good faith and for a full consideration. *Patten* v. *Moore,* 32 N. H. 382, 384; *Gooding* v. *Riley,* 50 N. H. 400, 404; *Sanborn* v. *Robinson,* 54 N. H. 239; *Clark* v. *Tarbell,* 57 N. H. 328.

*Judgment on the verdict.*

CLARK, J., did not sit.