SUMNER *v.* BLAKSLEE & a.

Pictures, pianos, and billiard-tables may be household furniture within the meaning of a mortgage of all the furniture in and belonging to a certain house.

Whether they are used under such circumstances and with such a purpose as to be household furniture in such a case, is a question of fact.

REPLEVIN, for three pictures, a piano, and a billiard-table. In a mortgage made to the plaintiff, October 20, 1872, the chattels in

question were included with other things by name, under the description of "all and singular the furniture in and belonging to the Sumner house, consisting of," &c., &c. Another personal mortgage was made by the same mortgageor to the town of Dalton, January 2, 1873, of "all the furniture situated in the Sumner house, so-called, in said Dalton, consisting of beds, bedsteads, and bedding, stands, tables, bureaus, mirrors, carpets, chandeliers, lamps and lamp-fixtures, stoves, stove-pipe, chairs, sofas, lounges, crockery, glass and hardware, meaning and intending hereby to convey all the furniture now in and belonging to said Sumner house, of whatever name or character, and wheresoever situated, in said house." The chattels replevied were in the house at the time the mortgages were made. The latter mortgage was recorded before the former, and takes priority. The defendants, as agents of Dalton, took possession of the property, and the plaintiff replevied it. The question reserved was, whether the piano, paintings, and billiard-table were included within the mortgage to the town of Dalton.

*Carpenter*, for the plaintiff.

*Ladd & Fletcher*, for the defendants.

ALLEN, J. The rule *ejusdem generis*, which, in the construction of written instruments, ordinarily limits the meaning of general words to things of the same class as those enumerated under them, is not conclusive. The addition, after the enumerated list in the mortgage, of the phrase "meaning and intending hereby to convey all the furniture now in and belonging to said Sumner house, of whatever name and character, and wheresoever situated in said house," shows that the mortgageor intended to give the largest meaning to the word "furniture," and to include under it all such articles as were in the house belonging to it, in the sense of being there for common use or ornament. *Kelly* v. *Powlet*, Amb. 605, cited in *Porter* v. *Tournay*, 3 Ves., Jr., 310; *Cole* v. *Fitzgerald*, 3 Russ. 301—*S. C.*, 1 Sim. & Stu. 189; *Cremorne* v. *Antrobus*, 5 Russ. 312; *Carnagy* v. *Ex'rs of Martin*, 2 Munf. 234; 1 Jar. Wills 591, 596, notes; 2 Williams Ex'rs 1017; 1 Roper Leg. 239, 249, 255. From all that can be gathered of the mortgageor's intention from the words of the mortgage, it may be presumed that the piano, billiard-table, and pictures were in the Sumner house principally and chiefly for common household use and ornament, and were furniture. If these articles, or any of them, were in the house as no part of its useful or ornamental belongings, but had, rather, a personal history or peculiar relation to the proprietor or his family as keepsakes, or were there for some special purpose, independent of the keeping and management of the house, they might not be furniture within the meaning of the mortgage. There is nothing within the words of the instrument, or in the case, to

show that these things were any less furniture than any of the various articles recited in the mortgage. If there is any question that they were not, at the time the mortgage was made, in the Sumner house as articles of common household use or ornament, it is a question of fact to be determined at the trial term. Unless the plaintiff desires to try that question, there must be judgment for the defendants, damages to be assessed at the trial term.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.