## LOVELL *v.* OSGOOD.

A mortgage of personal property, in which the affidavit required by statute, though made and subscribed by both parties, appears by the certificate of the justice administering the oath to have been sworn to only by the mortgagor, is not entitled to registration; and if recorded, the record is not constructive notice.

Such a mortgage is invalid against a subsequent mortgage taken in good faith and for good consideration with no knowledge of the prior mortgage or its record.

TROVER. Facts found by a referee. The defendant claimed title to the property as assignee of one K. by virtue of a mortgage from one S., dated January 26, 1876. The plaintiff's title is under a mortgage from S. subsequent to that date. The oath to the mortgage to K. was subscribed and sworn to by both parties, and the mortgage was for a good consideration. The mortgage and record showed that it was sworn to by the mortgagor, but neither the mortgage nor the record showed that it was sworn to by the mortgagee, and the plaintiff had no knowledge that it was sworn to by him. The plaintiff's mortgage was taken in good faith and for a good consideration, and the plaintiff had no actual knowledge of the defendant's mortgage, and no notice of it except so far as the record may be regarded as constructive notice. The court ordered judgment for the plaintiff on the report, and the defendant excepted.

*Burke,* for the defendant.

The mortgage of Smith to Kenyon was duly executed, the oath having been subscribed and sworn to by both parties as the law required, and recorded, and was consequently a valid mortgage against all persons, whether or not the magistrate failed to certify the fact that the oath was taken and subscribed by both parties to it. The parties to the mortgage, having done all that was required of them by law, cannot suffer from the wilful or negligent failure of the magistrate to do his duty. If but one of the parties to the mortgage had made oath to it as required by law, and the same was duly recorded, it was sufficient to put the plaintiff upon inquiry, and to charge him with constructive knowledge. If one of two grantors acknowledge a deed, and the deed is recorded, it is sufficient notice to a subsequent purchaser. Wade Notice 64, *s.* 129; *Shaw* v. *Poor*, 6 Pick. 86; *Catlin* v. *Ware*, 9 Mass. 218; *Taylor* v. *Jones*, 1 Salk. 389.

There is a strong analogy between the case at bar and the failure of one joint grantor to acknowledge a deed executed by him and his co-grantor. Oaths of the parties to a mortgage, nor even its record, are not necessary when parties, seeking to claim against the mortgage, have actual or constructive notice of its execution, as in this case. *Young* v. *Walker*, 12 N. H. 502; *Stowe* v. *Meserve*, 13 N. H. 46; *Patten* v. *Moore*, 32 N. H. 382; *Piper* v. *Hilliard*, 52 N. H. 209; *Sanborn* v. *Robinson*, 54 N. H. 239.

*Cushing*, for the plaintiff.

CLARK, J. The certificate of the justice who administered the oath to the mortgagee was not made upon or appended to and recorded with the mortgage under which the defendant claims (Gen. Stats., *c.* 123, *s.* 10); and not being executed according to the statute it was not entitled to registration, and the record was inoperative as constructive notice to the plaintiff. The record of an instrument authorized by law to be recorded is constructive notice of its existence and contents to all parties interested; but the record of an instrument not entitled to registration is not constructive notice. It does not ordinarily affect a subsequent purchaser or incumbrancer unless he has such actual notice as renders his taking a subsequent conveyance fraudulent. Jones Mort., *s.* 533; Story's Eq. Jur., *s.* 404; 2 Wash. Real. Prop. 572; *Blood* v. *Blood*, 23 Pick. 80; *De Witt* v. *Moulton*, 17 Me. 418. Actual notice of the unauthorized record is equivalent to actual notice of the conveyance. *Hastings* v. *Cutler*, 24 N. H. 481, 483. The case is not analogous to a deed acknowledged by one of two grantors, because in that case the deed is entitled to record as to the grantor acknowledging it. The defendant's mortgage, although in fact duly executed by the parties, not being entitled to registration by reason of the defect in the certificate of the oath, is invalid against the plaintiff's mortgage taken in good faith, for a good consideration,

and without notice, actual or constructive, of the defendant's prior mortgage. Gen. Stats., c. 123, ss. 10, 12; Hill v. Gilman, 39 N. H. 88; Stone v. Marvell, 45 N. H. 481; Gooding v. Riley, 50 N. H. 400.

Exception overruled.

STANLEY, J., did not sit: the others concurred.