## LOTHROP & a. *v.* LOCKE.

A declaration in replevin alleging an unlawful caption of a chattel is not supported by proof of an unlawful detention.

REPLEVIN, for a piano. The declaration alleged that the defendant unlawfully took the piano. Plea, *non cepit*, with a brief statement that the piano was the property of one M. The evidence tended to show that M., who was the defendant's daughter, hired the piano of the plaintiffs, and had possession of it during several years. She paid $50 as rent, and for the same purpose gave the plaintiffs a note which her father had given her, upon which the plaintiffs have received $35. Before the commencement of this action the plaintiffs demanded the piano. The defendant moved for a nonsuit, which the court refused; and the defendant excepted. The cause was taken from the jury, and the questions raised by the exception were reserved.

*Copeland & Edgerly*, for the defendant.

*Wheeler*, for the plaintiffs.

SMITH, J. The plea of *non cepit* put in issue the unlawful taking only. *Carter* v. *Piper*, 57 N. H. 217. The piano came rightfully into the possession of the defendant's daughter by a lease from the plaintiffs. It does not appear what the terms of the lease were, nor whether it had expired, nor whether she had forfeited her right to the possession of the piano by failure to comply with its terms. The general property in the piano remained in the plaintiffs, and as between them and the defendant he had no right to the possession. It does not appear that he ever had the possession of the instrument, or had it in his power to deliver it to the plaintiffs when demanded. 2 Gr. Ev., s. 644. There was no evidence of an unlawful taking, as alleged. The demand and refusal, at the most, were only evidence of a prior conversion. The motion for a nonsuit should have been granted. *Carter* v. *Piper*, 57 N. H. 217. The plaintiffs now ask to amend by alleging an unlawful detention. This motion will be heard at the trial term, and, if granted, the defendant will of course be entitled to change his plea to meet the amendment, and the cause will stand for trial.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.