## THOMAS KITTREDGE *vs.* GILMAN L. MARTIN.

Suffolk. Jan. 20. — March 31, 1886. MORTON, C. J., DEVENS & GARDNER, JJ., absent.

If a writ of error to reverse a domestic judgment rendered in an action is open to the defendant in such action, he cannot set up, in defence to an action on the judgment, that the court had no jurisdiction of the original action because there was no proper service of the writ therein.

CONTRACT upon a judgment recovered by the plaintiff, on December 11, 1884, as of July 14, 1883, in the Superior Court, in an action against the present defendant upon a promissory note. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

In the writ in the original action, the defendant was described as of Wolfborough, in the State of New Hampshire, and Nathaniel T. Rhodes, of Boston, in this Commonwealth, was directed to be summoned as trustee. The officer's return upon the writ stated that he "summoned the within-named Nathaniel T. Rhodes to appear and show cause at court, as within directed, by delivering to him an attested copy of this writ ; " and that " the within-named defendant, not being an inhabitant of or resident in this State, and not finding him, nor any last and usual place of abode, tenant, agent, or attorney of his in my precinct, I could make no further service of this writ."

No appearance was entered for the defendant or the trustee in the original action, and no answer was filed by either of them.

The original action was entered at April term, 1883, of the Superior Court. On April 14, the trustee was defaulted ; and, on June 7 following, notice of said action was ordered to be published in the Boston Daily Globe, and this order was complied with. The defendant was defaulted on July 14. On November 18, 1884, a petition to complete the record was filed; on November 24, judgment was ordered to be completed upon the filing of the note ; and, on December 11, the note was filed, and judgment ordered to be completed.

The defendant offered evidence tending to show that, at the time of the service upon the trustee, he had in his hands no

goods, effects, or credits of the principal defendant; but the evidence was excluded.

The defendant asked the judge to rule, that, upon the record in the original action, the court had no jurisdiction which would authorize it to enter therein judgment against the principal defendant; and that, in the original action, the court was not authorized to direct judgment to be entered against the defendant upon any cause of action stated in the plaintiff's declaration as therein declared upon. But the judge declined so to rule; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*C. Cowley*, for the plaintiff.

W. ALLEN, J. All the grounds upon which the defendant objects to the validity of the judgment upon which the action is brought are proper matters to be assigned for error in a writ of error upon the judgment; and are not matters to be averred and proved in defence of an action upon a domestic judgment.

The precise point is decided in *McCormick* v. *Fiske*, 138 Mass. 379, which cannot be distinguished from the case at bar.

*Exceptions overruled.*