ADAMS *v.* LEE & *a.*

A lien for the price, retained by the vendor upon a conditional sale of
   chattels, is good against the assignee in insolvency of the conditional
   vendee, although no affidavit, such as is prescribed by the act of 1885,
   is made upon the written memorandum of the lien.

BILL IN EQUITY.    Facts found by the court.    February 8, 1886,
the plaintiff sold to the defendant Lee a lot of pine timber in the
town of Moultonborough, with an agreement that the same should
remain his property until it was fully paid for.    The whole bargain
was put in writing, and was recorded in the office of the town
clerk of Moultonborough, May 28, 1886.    But no affidavit such as
is prescribed by *s.* 2, *c.* 30, Laws of 1885, was made or subscribed
to the writing.    About May 28, 1886, on the application of cer-
tain creditors of Lee, the defendant Wiggin was appointed by the
probate court messenger, under the insolvency act of 1885 ; and in
that capacity Wiggin took possession of the timber in question,

and claims to hold it as part of the estate of the insolvent. The plaintiff claims it by virtue of the above contract.

*Chase & Streeter* and *P. Wentworth*, for the plaintiff.

*W. L. Foster*, for the defendants.

SMITH, J. The lien reserved to the plaintiff by force of his contract with Lee is valid unless lost for non-compliance with the requirements of *c.* 30, Laws of 1885. By the common law of this state a sale and delivery of chattels, on condition that the title does not pass until the purchase-money is paid or secured, does not vest the title in the vendee. *Weeks* v. *Pike*, 60 N. H. 447, and authorities cited. The statute of 1885 (*c.* 30, *ss.* 1, 2) provides that "No lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing such lien, and the sum due thereon, and causes it to be recorded in the town-clerk's office of the town where the purchaser of such property resides, if he resides in the state, otherwise in the town-clerk's office of the town where the vendor resides, within ten days after such property is delivered." The vendor and purchaser are also required to make and subscribe an affidavit that the "memorandum is made for the purpose of witnessing the lien and the sum due thereon as specified in said memorandum, and for no other purpose whatever, and that said lien and the sum due thereon were not created for the purpose of enabling the purchaser to execute said memorandum, but said lien is a just lien, and the sum stated to be due thereon is honestly due thereon, and owing from the purchaser to the vendor."

As between the plaintiff and Lee, and all other persons except those named in section 1, the title did not pass to Lee, nor was the plaintiff's lien lost by his neglect to comply with the terms of the statute. The inquiry then is, whether the assignee of a conditional purchaser comes within the class of persons excluded by the statute from the operation of the common-law rule as to conditional sales.

The assignee of an insolvent debtor is not, by virtue of his office, an attaching creditor or a subsequent purchaser. The estate of the insolvent debtor vests in him, not by virtue of any attachment, sale, or contract, but by force of the statute and assignment (Laws of 1885, *c.* 85, *s.* 7), and he can take nothing more than the debtor had, except in case of a fraudulent conveyance by the insolvent. *Hambright's Case*, 2 B. R. 498; *Lyon's Case*, 7 B. R. 182. When the estate is incumbered by liens or other claims, the assignee takes it subject to the incumbrances

and liens, except in cases of fraud.    As Lee cannot devest the plaintiff of his lien upon the logs without payment of the purchase-money, so his assignee, taking no greater right or property in the timber, cannot hold it against the conditional vendor without performing the conditions of the sale.    The assignee can no more take advantage of the failure to make and subscribe the affidavit, or to record the contract, than he could of the failure to record a deed.    He stands like an administrator of an insolvent estate, and can only avoid conveyances and contracts made in fraud of creditors.    *Kingsbury* v. *Wild*, 3 N. H. 30; *Everett* v. *Read*, 3 N. H. 55; *Abbott* v. *Tenney*, 18 N. H. 109.

That the assignee is not included within the exception,— "attaching creditors or subsequent purchasers without notice,"— is made certain by the fact that when chapter 30 was approved August 12, 1885, there was no statute for involuntary insolvency proceedings, chapter 85 having been approved August 28, 1885.

If, when the latter statute was passed, it was the intention of the legislature to modify chapter 30 so as to include the assignee or creditors of an insolvent debtor, we should expect language expressive of such intent would have been used.    To give the statute the effect contended for by the defendants, it should read, " no lien  .  .  .  shall be valid against attaching creditors, subsequent purchasers without notice, or against the assignee of an insolvent debtor, unless," etc.    If any of the creditors had notice of the plaintiff's lien they could not effectually attach the logs, and they cannot gain indirectly through the assignee what they could not do directly by attaching.    Whether the attachment of such property by a creditor without notice is dissolved by proceedings in insolvency is a question not raised and not considered.

Unless the assignee pays the amount of the plaintiff's lien, the perpetual injunction prayed for must issue.

*Case discharged.*

ALLEN, J., did not sit : the others concurred.