### STATE *v.* KENNEDY.

An injunction decree under *c.* 77, Laws 1887, cannot be impeached collaterally.

ATTACHMENT, for violation of an injunction decree made with the defendant's written consent, under *c.* 77, Laws 1887. The defendant took exceptions, based on a claim that his consent was obtained by duress, intimidation, and threats of criminal prosecution, and that the petition for the injunction was defective.

*Dodge & Caverly*, for the defendant.

*J. Kivel*, solicitor, for the state.

DOE, C. J. The decree rendered by a court having jurisdiction is not void. It can be impeached only in a direct proceeding seasonably instituted by a party asking that it be reversed, quashed, or vacated. *State* v. *Richmond*, 26 N. H. 232, 237, 242, 243, 246; *Wingate* v. *Haywood*, 40 N. H. 437; *Horne* v. *Rochester*, 62 N. H. 347; *Charles* v. *Davis*, 62 N. H. 375; *Blanchard* v. *Webster*, 62 N. H. 467; *Fowler* v. *Brooks*, 64 N. H. 423; *McDonald* v. *Drew*,

64 N. H. 547; *Kittredge* v. *Martin,* 141 Mass. 410; Freeman Judg., *cc.* 6, 13, 21, and *ss.* 134, 135, 285–287; High Inj., *ss.* 1416–1418, 1425. If the validity of a judgment could be contested collaterally, a second judgment, avoiding the effect of the first without a direct and express annulment of it, would be subject to a like attack, and there would be no termination of litigation by a final decision.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.