## SHERMAN *v.* HANNO & *a.*

A reference to a deed may be a sufficient description of demanded premises in a writ of entry.

An objection to the reference is waived if not made at the appropriate time for settling the pleadings and obviating defects by amendment.

When no objection has been made to the reference, it is properly copied or adopted in the plaintiff's judgment and writ of possession.

The reference is not a ground on which the judgment can be collaterally attacked.

WRIT OF ENTRY, for land in Lisbon, and a BILL IN EQUITY, brought by the defendants against the plaintiff for a reformation of a mortgage. Facts found by the court. The Little farm is one tract of land in the towns of Lyman and Lisbon. The buildings and most of the farm are in Lyman. The part in Lisbon is claimed by both parties. O. and G. A. Carr, owning the farm, conveyed it to Clough by a mortgage of which the defendants ask a reformation. The mortgage described the farm as a " tract of land situated in said Lyman, together with the buildings thereon, meaning to convey the same as was deeded the said O. and G. A. Carr by Milo G. Little and wife by their deed dated October 15, 1868, and recorded in the Grafton County Registry, lib. 307, folio 248, reference being had to said records for a more particular description of said premises." The deed thus referred to was the

conveyance by which the mortgagors acquired the title of the whole farm. The mortgagors and the mortgagee intended that the whole farm should be included in the mortgage, and supposed it was included. By mistake, the words "and Lisbon" were omitted after "Lyman." A correction of the mistake is the relief sought in the bill in equity. Subject to the mortgage, the farm was conveyed by the mortgagors to the plaintiff. Clough foreclosed the mortgage by a year's possession after entry under process of law against the plaintiff, Sherman, and conveyed the farm to the defendant, Hanno. In the foreclosing writ of entry, *Clough v. Sherman*, the demanded premises were described as a tract of land "situate in said Lyman, . . . being the same . . . conveyed by Joseph Little and Mary Little to Milo G. Little by their deed dated August 28th, 1865." The deed thus referred to was a conveyance of the whole farm to the grantor of the mortgagors, and was described in his deed to them as "recorded in the Grafton County Registry, lib. 287, folio 472, reference being had to said records for a more particular description of said premises." The description in Clough's writ of possession was the same as in the writ of entry. After the foreclosure was completed, Clough learned that the farm was crossed by the town line. The defendants contend that the mortgage was not foreclosed on the land in Lisbon.

*Bingham, Mitchell & Batchellor*, for the plaintiff.

*Ladd & Fletcher* and *Drew & Jordan*, for the defendants.

Doe, C. J. The error in the clause of the mortgage that described the land as "situated in said Lyman" was corrected by the accompanying reference to the record of a deed of land situated in Lyman and Lisbon. *Colby v. Collins*, 41 N. H. 301, 303. The meaning of the mortgage was expressly declared to be, that it conveyed the land that was conveyed to the mortgagors by the recorded deed to which reference was made for a more particular description. The mistake, being corrected in the paper in which it occurred, is immaterial.

*Elliot v. Heath*, 6 N. H. 426, was a writ of entry in which the demanded premises were described as "a certain tract of land situated in said Boscawen, being all that part of the homestead farm of the late Nathaniel Gookin of said B., which was conveyed to Joseph Elliot by P. Gookin, administrator of the goods and estate of said Nathaniel, except what has been conveyed by said Joseph Elliot to Joseph Couch by deed dated February 1, 1827,—the tract demanded being the same that was conveyed to me by my father, J. E., by deed dated March 26, 1827." The case was tried on the general issue, a verdict was returned for the plaintiff, and the defendant moved in arrest of judgment because the land

demanded was not sufficiently described in the declaration. This motion did not prevail, and judgment was rendered on the verdict. In the opinion, the court say,—"It does not appear that either of the deeds [mentioned in the declaration] has been recorded. It is laid down by Stearns, as to declarations in writs of entry, 'that the description should be so certain as to enable the tenant to understand what is demanded against him, and the sheriff to deliver the seizin without any information from the demandant.' Stearns on Real Actions 151. . . . The rule that the description of the land must be sufficiently certain to enable the sheriff to deliver the seizin without any information from the demandant, seems to go farther than is essential. In most instances, the sheriff would be obliged to enquire of some one as to the location of the lands described in his writ, and in all instances he might require the demandant to point them out. It is undoubtedly the case that the premises demanded must be described in the count with as much precision as in any common conveyance or assurance of land. Jackson on Real Actions 13. If this be the true rule, the description in this case is sufficient. It is copied from the deed, and is, without doubt, sufficient to pass the title to the land, and we see no reason why a declaration of the same certainty should not be sufficient for the rendition of a judgment." In *Woodman* v. *Lane*, 7 N. H. 241, 242, 250, 251 (decided in 1834, a year after *Elliot* v. *Heath*), it was assumed that the sufficiency of such a description in a writ of entry was not an open question.

*Atwood* v. *Atwood*, 22 Pick. 283 (decided in 1839), was a writ of dower. In the written demand made by the plaintiff on the defendant for an assignment of dower before suit, the land was described by a reference to a recorded deed in which the defendant was a grantee. The defendant objected to the description, contending that he could not be compelled to go to the registry to ascertain in what land the plaintiff claimed dower. "This description," say the court, "was sufficiently certain. All that is required is, that the description of the land should be such as to give notice to the tenant to what land the demand referred. And as the tenant was a party to the deed referred to, he could be left in no doubt as to the lands in which dower was demanded." The plaintiff claimed dower in land in lots five and six. After verdict for the plaintiff, the defendant moved in arrest of judgment upon the ground that the declaration described the land in lot five by a reference to a deed and to the place where it was recorded. This objection was sustained. "In the description of the land within that lot," say the court, "reference is had to Blinn's deed, and unless the description can be aided by that reference, it is not sufficiently definite and certain. And it is very clear that it cannot be thus aided. Such a reference would be good in a conveyance of the land, or in a demand of dower before action brought. . . . But when lands are demanded, the description of them

must be so certain that seizin may be delivered by the sheriff
without reference to any description dehors the writ. It is not
necessary in every case to describe the land demanded by metes
and bounds, but there must be a certain description in the writ
itself, and no defect can be cured by a reference to any existing
conveyance. As to this part of the demandant's claim, therefore,
she is not entitled to judgment. But as to the lands included in
No. 6, those, we think, are described with sufficient certainty.
The demandant, however, may amend her declaration, or take
judgment for dower in lot No. 6."

In *Flagg* v. *Bean*, 25 N. H. 49, 50, 64, 65, and *Colby* v. *Collins*,
41 N. H. 301, 305, the case of *Elliot* v. *Heath* (before cited), in
which the law of this state had been settled, was overlooked, and
it was held that "the principle adopted by the courts" was cor-
rectly stated in the Massachusetts case, *Atwood* v. *Atwood*.

The question whether land is properly described in pleading by
a reference to a deed is not determined by statute or by a special
rule relating to this particular question, but by the application of
the general rule that procedure may be what justice and conven-
ience require. *Boody* v. *Watson*, 64 N. H. 162, 171. It is just
and convenient that the declaration in a writ of entry should
inform the defendant what land the plaintiff claims, and that, if
the defendant is dissatisfied with the information there given, he
should object to it at the earliest opportunity. It is not a matter
of law, as it is not the fact, that a reference to a deed in a declara-
tion is always sufficient, or always insufficient. It may be enough
for the practical purposes of defence; it may be the only descrip-
tion the plaintiff can conveniently furnish; and neither party is
unnecessarily and unreasonably harassed by technical rules of
procedure. In many instances, the common law regards as suffi-
ciently certain whatever can be made certain.

A count, in a writ of entry describing the demanded premises as
bounded northerly by land of A, easterly by land of B, southerly
by land of C, and westerly by land of D, may not be better than a
count describing the same premises as land conveyed by E to F.
On the north side there may be wild and unoccupied land, con-
veyed to A by a deed that is not recorded; on the east may be
an abandoned farm, which passed to B by recorded devise or unre-
corded descent; on the south, a farm may be occupied by a tenant
of C, who took it by the levy of an execution; on the west, unoc-
cupied land may belong to D or to G, each claiming a prescriptive
title, determinable by a jury trial. When a tract is described by
such abuttals in the declaration, judgment, and writ of possession,
and objection is first made after judgment, the description cannot
be disregarded as immaterial, or because the given boundary can-
not be located without a laborious and expensive investigation of
the titles and boundaries of four other tracts. A count describ-
ing land as Lot 4 in Range 5, and a second count describing it as

bounded by a line beginning on the north side of a highway lead-
ing from A's saw-mill to B's house at the south-east corner of C's
land, and thence running given courses and distances through
stakes and stones to the first mentioned bound, may be less useful,
as a means of finding the land, than a third count referring to a
deed. The description given in a deed referred to in pleading may
be clear, definite, and full, or ambiguous, indefinite, and scant. If
it is sufficient, and the deed is in the defendant's possession, or if he
is the register in whose office it is recorded in the book and on the
page referred to, the fact may be found at the trial term that he
was properly referred to the deed or record. If the description in
the deed is insufficient, or if it would be unreasonably inconvenient
for him to find the deed or go to the registry, the fact may be
found that the reference does not give him adequate information.
A reference to a deed or record, without an averment of facts
showing that he has convenient access to it, and without an
annexed copy of it or an offer to produce a copy, may be bad
pleading. To a count apparently defective in this respect, the
defendant may seasonably demur. By a seasonable written motion
to strike out the reference, he can obtain a decision of the question
whether he is entitled to a better description.

If, as a matter of law or of fact, a reference to a deed could never
be a good description in pleading, when its sufficiency was season-
ably denied, that circumstance would not affect the result in this
case. It does not appear whether, in the foreclosure suit of *Clough*
v. *Sherman*, there was a trial and a verdict, or whether the judg-
ment against Sherman was rendered on default. If he was
defaulted, his position is no better than it would have been after
judgment on an adverse verdict. If there was a trial, Clough must
have proved that the land described in the deed referred to in his
declaration was the Little farm described in the deed referred to in
his mortgage, unless Sherman waived his right to require proof of
that fact. An objection to such evidence could be made when the
evidence was offered, but not after judgment or after verdict. If
made when the evidence was offered, it might not be sustained.
The only pertinent objection would relate, not to the evidence,
but to the pleading. *Capron* v. *Anness*, 136 Mass. 271, 272. An
objection made by Sherman to evidence offered in support of the
reference clause of the declaration might not be a seasonable denial
of the sufficiency of that clause. It might be unreasonable and
unjust that a continuance of the case, or much delay, expense, or
inconvenience, should be caused by his raising, at the trial, a ques-
tion of pleading which he could have raised at an earlier day. "If
a brief statement is defective and insufficient, the proper practice
is to move the court to reject it. The party will then be obliged
to put his statements into a substantial and definite form, or the
brief statement will be stricken out. Or a party may object to
evidence as it is offered, which would be admissible under a suffi-.

cient brief statement, as inadmissible under a defective one. The former practice, of moving to reject the brief statement, is preferable, however, as the parties will then go to trial without any uncertainty as to their position." *Folsom* v. *Brawn*, 25 N. H. 114, 121. In that case it was held that an objection to an insufficient brief statement was not seasonably made after the evidence was closed.

The proposition that in a writ of entry a reference to a deed for a description of the demanded premises is "entirely immaterial and may be disregarded," as if it had been struck out on motion or held bad on demurrer, and that evidence in support of it "is irrelevant and inadmissible" (*Flagg* v. *Bean*, 25 N. H. 49, 65, *Colby* v. *Collins*, 41 N. H. 301, 306), cannot be sustained. "Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet. if the issue joined be such as necessarily required . . . proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict. . . . This rule is founded in good sense and sound reason. Every one can see why the verdict cures the defect in such a case. It cures it because the matter omitted was necessarily involved in the issue." *Elliot* v. *Heath*, 6 N. H. 426, 429. The defect is equally cured whether the proper form of objection was a demurrer, or a motive to strike out a clause. Before trial, the only objection Sherman could have made to the clause of the foreclosing writ of entry referring to a deed was, that it did not give him due information. Upon a decision sustaining this objection, he would have been entitled to an amendment sufficiently describing the demanded premises. If an objection seasonably made by him to the reference clause would have been sustained, it is now too late to make it. There was an appropriate time for his denial of the sufficiency of that clause, and for obviating the objection by an amendment. By not presenting the objection at that time, he waived it. *McConihe* v. *Sawyer*, 12 N. H. 396, 405; *Hopkins* v. *Railroad*, 36 N. H. 9, 13; *Ireland* v. *Drown*, 61 N. H. 638, 639. The general rule, to which pleading is not an exception, is, that rights are waived when not seasonably asserted. *Watson* v. *Walker*, 23 N. H. 471, 497, 498; *State* v. *Richmond*, 26 N. H. 232, 242–244, 247; *Haynes* v. *Thom*, 28 N. H. 386, 398; *Frost* v. *Martin*, 29 N. H. 306, 316; *Drew* v. *Towle*, 30 N. H. 531, 539; *State* v. *Rand*, 33 N. H. 216, 227, 228; *Warren* v. *Glynn*, 37 N. H. 340, 344; *State* v. *Flanders*, 38 N. H. 324, 334; *Robinson* v. *Potter*, 43 N. H. 188, 191, 192; *Peebles* v. *Rand*, 43 N. H. 337, 342; *Carter* v. *Beals*, 44 N. H. 408, 411; *Wendell* v. *Abbott*, 45 N. H. 349, 352, 353; *Bundy* v. *Hyde*, 50 N. H. 116, 122; *Murphy* v. *Crain*, 59 N. H. 244, 245; *Battle* v.

*Knapp*, 60 N. H. 361, 362; *Crowell* v. *Londonderry*, 63 N. H. 42, 49; *Bergeron* v. *Bank*, 63 N. H. 195, 196.

In contemplation of law, Sherman admitted the sufficiency of the reference clause of the declaration by filing a plea that did not deny it, or allowing judgment to go by default, or taking some other course that did not include a seasonable objection. This admission was properly accepted and acted upon in the rendition of the judgment, in which it was considered and adjudged that Clough recover " the tenements aforesaid with the appurtenances," or land otherwise identified by a substantial and formal adoption of the description given in the declaration. The writ of possession properly followed the form and substance of the judgment it was issued to enforce. G. L., *c.* 235, *s.* 13. On a writ of error, or other direct attack, the implied admission would be as conclusive as an express agreement of record that the judgment should describe the premises as they were described in the declaration. In the mortgage, the reference to a deed was effective because the contracting parties assented to it, and by following it the land could be found. For a similar reason, the reference to a deed in the foreclosing pleading and process is effective against the party whose admission of its sufficiency is a part of the record.

In the present action, the plaintiff's contention is a collateral attack to which the judgment is not open. *Fowler* v. *Brooks*, 64 N. H. 423; *State* v. *Kennedy*, 65 N. H. 247; *Kimball* v. *Newport*, 47 Vt. 38; *Mussey* v. *White*, 58 Vt. 45; *Kittredge* v. *Martin*, 141 Mass. 410; *Wilkerson* v. *Schoonmaker*, 77 Tex. 615; *M'Cormick* v. *Sullivant*, 10 Wheat. 192, 199, 200; *Des Moines Co.* v. *I. H. Co.*, 123 U. S. 552, 557, 558; *In re Cooper*, 143 U. S. 472, 506. There is no occasion to inquire whether the writ of possession did or did not enable the officer (to whom Clough delivered it for service) to find the land therein described. It was for Clough to find the land of which he desired possession. His inability to find it, or a difficulty encountered by him in the search, would not have been a grievance of which Sherman could complain.

The fact that Clough did not know, until the foreclosure was completed, that the Little farm was crossed by a town line, is immaterial. The officer caused him to have possession of the land described in the final process : that land was the whole farm ; and the lease, under which Sherman occupied it as tenant of Clough during the year after Clough's entry, described it as the Little farm, and as the farm of which Clough took possession by foreclosure.

The decree for a reformation of the mortgage, which the defendants ask in their bill, is not legally necessary, but it may be rendered if it will be practically useful as evidence of their title. In the real action, there will be

*Judgment for the defendants.*

BINGHAM, J., did not sit: the others concurred.