HODGDON *& a. v.* LIBBY.

HODGDON *v.* SAME.

" All the stock in trade and fixtures now in my store " is a sufficient description of mortgaged property.

A chattel mortgage is valid as against attaching creditors with notice and the mortgagor's assignee in insolvency, without any variation of the oath as to the liability assumed by the mortgagee.

If the mortgagor of a stock of goods retains possession of the property, selling for his own benefit and replenishing the stock as required, the mortgage will be valid as against his assignee in insolvency and invalid as against subsequent attaching creditors without notice.

TROVER, for a stock of goods. Facts found by a referee. The defendant is assignee of J. A. Hodgdon, who was decreed an insolvent in September, 1895. The plaintiffs claim the goods under mortgages dated February 1, 1895, and April 6, 1895, both of which were duly recorded. October 28, 1895, the defendant took possession of the property and has held it ever since, claiming it as assignee.

The property is described in the second mortgage as " all the stock in trade and fixtures now in my store, situate on the easterly side of Main street in said Berlin." The defendant objected that the description was insufficient.

The mortgage was given to secure the payment of the mortgagor's note payable to the mortgagee, and to indemnify the mortgagee against loss in consequence of indorsing sundry notes for the mortgagor. The oath was not varied as required by P. S., *c.* 140, *s.* 9.

There was no special agreement in respect to the disposition of the property or its proceeds. The mortgagor continued his trade and business after the mortgages were executed, the same as before, replenishing the stock as required. He made no distinction between the old and the new stock, and used the proceeds as he saw fit, paying upon the mortgage debts only what he could spare therefrom. This was done with the full knowledge of the mortgagees. The business was so carried on until August 1, 1895, when the stock was attached by creditors of the insolvent. The goods bought after the execution of the mortgages could be and have been in fact separated from the other goods with substantial but not absolute accuracy. Both parties moved for judgment.

*Daley & Goss*, for the plaintiffs.

*Albert S. Twitchell*, for subsequent attaching creditors.

PIKE, J.   The description of the property mortgaged was sufficient.  *Morse* v. *Pike*, 15 N. H. 529, 532; *Fuller* v. *Rounceville*, 31 N. H. 512, 519; *Call* v. *Gray*, 37 N. H. 428; *Sumner* v. *Blakslee*, 59 N. H. 242; *Benton* v. *Benton*, 63 N. H. 289, 295. Any description is sufficient from which the property can be identified.  *Sherman* v. *Hanno*, 66 N. H. 160, 163.

It is immaterial that the oath was not varied.   The mortgages were valid as between the parties, and as against subsequent purchasers with notice and the defendant assignee, without any oath or record.  *Smith* v. *Moore*, 11 N. H. 55, 63; *Gooding* v. *Riley*, 50 N. H. 400, 402; *Roberts* v. *Crawford*, 58 N. H. 499, 500; *Lovell* v. *Osgood*, 60 N. H. 71, 72; *Adams* v. *Lee*, 64 N. H. 421, and cases cited.

The claim of the defendant based upon the doctrine of *Putnam* v. *Osgood*, 51 N. H. 192, and kindred cases, has been disposed of by the decision in *Thompson* v. *Esty*, *ante*, p. 55.

The plaintiffs, although entitled to judgment as against the assignee for the value of the mortgaged goods in his hands, cannot hold the goods upon the facts stated as against attaching creditors without notice.  *Putnam* v. *Osgood*, 51 N. H. 192; *Wilson* v. *Sullivan*, 58 N. H. 260, 263.  If at the trial term it appears that there are such creditors, they may, upon proof of their claims, have judgment for the amounts thereof to the extent of the value of the goods under attachment by them.   In that event the plaintiffs will be entitled to judgment for the value of the mortgaged goods, if any, remaining after satisfying the claims of such attaching creditors.

*Case discharged.*

All concurred.