Coös,　⎰
Dec., 1898.　⎱

SINCLAIR v. WHEELER *& a.*

The lien of a conditional vendor is valid as against the vendee and his assignee in insolvency without the memorandum, affidavit, and record required by the statute, but invalid as against a subsequent mortgagee without notice.

In an action of replevin, the question of the plaintiff's title cannot be raised under the general issue.

REPLEVIN. Plea, the general issue. Facts found by a referee. Knapp & Son took a lease from one Evans, of the Wilson House in Berlin, and the plaintiff guaranteed the payment of the rent. The plaintiff, at the request of Knapp & Son, also purchased the furniture and other personal property in the house, and July 3, 1889, delivered it to them, with the understanding that when they paid six promissory notes of that date for $500 each, given for the money ($2,600) which he had paid for the property and $400 which he loaned them, and also paid the rent which he had guaranteed, he would give them a bill of sale of it, and that in the meantime it should remain his property. Knapp & Son were without means, and the plaintiff entered into the transaction to enable them to get a living by running a hotel. September 13, 1890, the plaintiff purchased the Wilson House, and thereafter Knapp & Son were to pay the rent to him,— the understanding between them being that the plaintiff should hold the title to the personal property until the notes and rent were paid. No memorandum, affidavit, or record in respect to these understandings was made as required by the statute. P. S., c. 140, s. 23.

The elder Knapp died in January, 1893, and the son purchased his interest. August 10, 1894, he mortgaged the property in the hotel to the defendant Cross to secure the payment of a note for $600, dated August 6, 1894, with interest annually, on which payments to the amount of $235 were made prior to July 25, 1896. The mortgage was taken by Cross in good faith, he believing that the property belonged to the mortgagor and having no notice of any outstanding claim upon it.

November 6, 1896, Knapp made an assignment in insolvency to the judge of probate, and the defendant Wheeler was appointed assignee. On the same day, and before notice of the insolvency proceeding, the plaintiff caused the property to be attached on a writ in his favor against Knapp. The defendant Wheeler served the writ and took possession of the property before he received notice of Knapp's assignment. He refused to give up the property on demand, and it was replevied in this action.

After Knapp & Son took possession, they purchased other property for use in running the hotel, some of which replaced articles broken or worn out, and some of which was in addition to the property received from the plaintiff. The additions were worth $409 when the property was replevied. One of the $500 notes and rent amounting to $382 have been paid. Evidence relating to additions to the property and the Cross mortgage was received, subject to the plaintiff's exception. Judgment was ordered for the defendants, and the plaintiff excepted.

*Chamberlin & Rich* and *Bingham, Mitchell & Batchellor*, for the plaintiff.

*C. Edward Wright* and *Daley & Goss*, for the defendants.

PIKE, J. The defendants, in argument, make no claim that the plaintiff waived his right to reclaim the property by attaching it, and therefore this question is not considered.

As against the insolvent and his assignee, the plaintiff's title was valid although no memorandum, affidavit, or record was made, as required by the statute. *Adams* v. *Lee*, 64 N. H. 421. As against the defendant Cross, who was a subsequent purchaser without notice, the plaintiff's title to the property, other than " household goods," was subject to the Cross mortgage. P. S., c. 140, s. 23. It appeared that the Knapps had made additions to the original property, which at the time of the replevy were of the value of $409. These were included in the mortgage to Cross. It is assumed that these and the other property included in the mortgage, aside from household goods, were of sufficient value to pay the balance due upon the Cross note. If

they were, Cross should have judgment for the amount due him, and the plaintiff should have judgment for the goods replevied which were included in the sale. Whether Cross had a lien upon such of the property as were household goods is not considered.

The general issue in replevin simply denies the wrongful taking. *Mitchell* v. *Roberts*, 50 N. H. 486, 490; *Carter* v. *Piper*, 57 N. H. 217. To properly raise the question of the plaintiff's title, the defendants should have pleaded property in some one else, denying that it was in the plaintiff. *Dickinson* v. *Lowell*, 35 N. H. 9, 19. The evidence to which the plaintiff excepted was not relevant to the issue raised, and was therefore improperly received. The defendants, however, at the trial term, may ask leave to amend by filing a plea of property and to recommit the report. *Morse* v. *Whitcher*, 64 N. H. 591, 593. If leave is granted, the evidence improperly received will then be competent, and the plaintiff may submit evidence upon the new issue to contradict the testimony of the defendants.

*Judgment set aside.*

YOUNG, J., did not sit: the others concurred.