Hillsborough,  
  Dec., 1900.

### BRODERICK, *Assignee, v.* RICHARDSON.

Where a mortgagor of goods and fixtures retains possession of the property, selling for his own benefit and replenishing the stock from time to time, the mortgage is valid as against his assignee in insolvency, in the absence of actual fraud.

ASSUMPSIT, by the assignee in insolvency of the estate of Joseph Dignam, to recover the proceeds of the sale of fixtures in the store of the insolvent. Facts agreed.

July 23 1895, Dignam executed a mortgage to Eleanor Ferguson of "all stock in trade and fixtures now situate in store No. 797 Elm St., Manchester," to secure the payment of a debt of $1,000 due her from him. He afterward sold the stock, replacing it with new from time to time and using the proceeds as he saw fit, with the knowledge and consent of Ferguson. April 13, 1896, the defendant, a deputy sheriff, attached the stock and fixtures on a claim against Dignam, and May 5, 1896, sold them at sheriff's sale. The net amount received from the fixtures was $426.65, which he paid to Ferguson July 28, 1896. July 6, 1896, Dignam filed his petition in insolvency, and July 15, 1896, he was decreed insolvent, and the defendant was appointed messenger. August 20, 1896, the defendant paid the net amount received from the sale of the stock ($120.06) to the plaintiff, who had previous to that time been appointed assignee of Dignam's estate. October 17, 1896, the plaintiff made a demand for the proceeds of the sale of the fixtures of the defendant, which he refused to pay.

*Sullivan & Broderick,* for the plaintiff.

*Elijah M. Topliff,* for the defendant.

WALLACE, J. The plaintiff's claim that the constructive fraud of the parties in dealing with the mortgaged property made the mortgage voidable by him, under the doctrine of *Putnam* v. *Osgood*, 51 N. H. 192, and similar cases, cannot be maintained. The recent case of *Thompson* v. *Esty*, 69 N. H. 55, held that only actual fraud would enable the assignee of an insolvent debtor to avoid transactions in fraud of creditors under the insolvent law. P. S., c. 201, s. 26. In *Hodgdon* v. *Libby*, 69 N. H. 136, the same doctrine was applied, although the second mortgage in that case was

given after the amendment to the insolvency law vesting in the assignee " all property which might have been taken on execution upon a judgment " against the debtor (Laws 1895, *c.* 68) went into effect. This case is not distinguishable from and is determined by *Hodgdon* v. *Libby.* The whole amount received from the sale of the mortgaged property belonged to the mortgagee, unless the right of attaching creditors intervened. In neither event could the assignee take any part of the funds without first paying the mortgage debt.

*Judgment for the defendant.*

All concurred.