Strafford, }
Oct. 3, 1905. }

## TISDALE & a. v. JOHN H. PRAY SONS CO. & a.

A mortgage of personalty, in which the affidavit required by statute is not signed and sworn to by both the mortgagee and the mortgagor, is not entitled to registration; and the unauthorized record of such an instrument does not charge a subsequent attaching creditor with notice of the lien sought to be secured thereby.

BILL IN EQUITY, praying for the cancellation of certain attachments made by the defendants upon personal property mortgaged by the plaintiffs Emma E. and John W. Hobart to the plaintiff Tisdale. Trial at the September term, 1904, of the superior court before *Stone*, J., who dismissed the bill subject to the plaintiffs' exception.

The Hobarts, who reside in Brookline, Massachusetts, owned certain personal property situated in Rollinsford, and on March 20, 1903, executed the mortgage in question, which purported to secure a note for $1,600. At the time of signing the note and mortgage nothing was due from the mortgagors to the mortgagee,

but on March 24 a loan of $1,600 was made. The mortgagors, but not the mortgagee, took and subscribed to the following oath : "We, John W. Hobart and Emma E. Hobart, hereby certify that the foregoing mortgage is given in good faith, for a *bona fide* consideration, and is not intended or given to evade the claims of creditors." The mortgage was recorded in the town of Rollinsford on March 26, 1903. The defendants attached the mortgaged property on September 28, 1903, on writs brought against the Hobarts, without knowledge of the existence of the note or mortgage.

*Charles S. Hill* and *Vere Goldthwaite* (both of Massachusetts), for the plaintiffs.

*Arthur G. Whittemore* and *John S. H. Frink*, for the defendants.

BINGHAM, J. The affidavit contained in the mortgage, if otherwise sufficient, was not signed and sworn to by the mortgagee. The statute requires that the mortgagee as well as the mortgagor shall take and subscribe to the oath. P. S., c. 140, s. 6. This must be done to entitle a mortgage of personal property to registration. The unauthorized registration of such an instrument is not constructive notice of its existence. *Lovell* v. *Osgood*, 60 N. H. 71. The defendants' attachments having been made while the mortgaged property was in the possession of the mortgagors, and without knowledge, actual or constructive, of the existence of the mortgage, must prevail.

*Exception overruled.*

All concurred.