Sullivan,
Nov. 1, 1921.

RUSSELL F. PATTEN, *Ex'r*, *v.* LAMBERT D. PATTEN.

BILL IN EQUITY, for an accounting. The plaintiff as executor of Mary L. Patten sought to charge the defendant upon sundry notes signed by him and payable to the deceased. Upon trial the court, *Marble*, J., found for the defendant and, at the November term, 1920, of the superior court, allowed the plaintiff's bill of exceptions to the admission of a verbal statement of the deceased tending to sustain the defendant's contention and to the court's refusal to entertain a motion to set aside the findings because unsustained by any evidence made more than thirty days after the findings were announced.

*Frank H. Brown* and *Hurd & Kinney*, for the plaintiff.

*Allen Hollis* and *Donald Knowlton*, for the defendant.

*Per Curiam.* Statements made by the deceased tending to controvert the claim made for her at the trial were admissible precisely as they would be admissible against her if alive and a party. Wig. Ev., Vol. II, *s.* 1081 (1).

The contention that the evidence was insufficient to authorize an adverse finding is waived by submission of the case without objection to the tribunal trying the fact. *Barker* v. *Company*, 78 N. H. 571; *Smith & Sargent* v. *Company*, 78 N. H. 152, 159. The court properly ruled that no question of law was raised by the motions. As the denial of the motions was not erroneous, whenever after verdict they were made, the fact that they came too late under the rule of court. (78 N. H. 697, Rule 53) need not be relied upon. Granting the plaintiff until February 1, 1921, to file exceptions could not have been intended or understood by the plaintiff to authorize the allowance of exceptions already waived or which presented no question of law.

*Exceptions overruled.*