Grafton,
March 5, 1935.

CHARLES A. BACON

*v.*

WALTER S. THOMPSON & *a.*

*Clarence E. Hibbard,* and *Fred P. Carr,* for the plaintiff.

*Walter S. Thompson, pro se,* and *Fred A. Jones,* for the defendant, Thompson.

WOODBURY, J. At the time of trial the plaintiff was allowed to file a second count in amendment of his original declaration. There is nothing in the record to indicate that any objection was made or exception taken to the ruling at the time it was made. After verdict, however, the defendant claimed an exception to the court's

ruling allowing this amendment, and to a finding of the court as to the theory upon which this new count was based. It was then too late to question the propriety of this ruling, but such an exception, even if properly taken, would be unavailing.

Under our statute, P. L., c. 334, s. 9, amendments, even in matters of substance, "may be permitted in any action, in any stage of the proceedings". Whether, in any particular case, justice requires that an amendment be allowed is a discretionary question of fact for the trial court not reviewable here except in cases of abuse of discretion. Hening, Digest, pp. 54, 55. Since there is nothing in the case at bar to indicate an abuse of discretion, the defendant's exception is without merit.

The finding of the court as to the theory upon which the amendment was based is immaterial because it does not appear that the court either endorsed the theory or based his verdict thereon. In fact, it definitely appears that the verdict was based upon another finding which, the record indicates, was supported by the evidence.

The defendant's second and third exceptions are to certain findings of fact both of which were supported by the evidence.

The defendant's fourth exception is designed to raise the question of the sufficiency of all the evidence to support a verdict against him, and it comes too late. This question will be considered to have been waived unless it is raised before the case is submitted to the tribunal trying the fact. *A. C. Erisman Co.* v. *Company, post——; Patten* v. *Patten,* 80 N. H. 590; *Barker* v. *Company,* 78 N. H. 571, 573; *Moynihan* v. *Brennan,* 77 N. H. 273, 274, and cases cited.

The defendant's fifth and sixth exceptions are to rulings of law made during the course of the trial and also came too late. It has long been the rule in this state that "a party has waived any objection to an order or decision of the court, to which, being present and having an opportunity to object, he has, at the time, taken no exception." *Peebles* v. *Rand,* 43 N. H. 337, 342. See also, *Foss* v. *Strafford,* 25 N. H. 78; *Sherman* v. *Hanno,* 66 N. H. 160, 165, and cases cited.

*Judgments on the verdicts.*

ALLEN, C. J., did not sit: the others concurred.