## GEORGE L. MUSSEY *v*. GEORGE F. WHITE.

*Audita Querela. Former Judgment. Collateral Impeachment. Evidence. Pleading.*

1. In an action of *audita querela* a former judgment may be given in evidence under a plea of not guilty.
2. And such judgment cannot be collaterally impeached by showing that it was fraudulent and obtained in the interest of the plaintiff in the original suit, and without the complainant's knowledge.

AUDITA QUERELA brought to set aside a judgment of the County Court, rendered at the September Term, 1878. Plea, general issue. Trial by jury, September Term, 1885, VEAZEY, J., presiding. Verdict ordered for the defendant.

The complainant introduced evidence tending to show fraud and that the said judgment of the County Court was obtained without his knowledge; that the writ was never served upon him; that he was out of the State at the time the original writ in said cause in which said judgment was rendered, was made; that he was never served with a copy of said writ and had no notice whatever of said suit; that certain real estate was attached upon said writ and set off upon the execution issued on said judgment in which said real estate the complainant claimed an interest.

Defendant then offered in evidence a judgment of the County Court rendered at the          term          in an *audita querela* which defendant claimed was brought by the complainant to set aside the same judgment of said County Court, which judgment in said *audita querela* was for the defendant therein. The plaintiff objected to the

admission of the said record, on the ground that defendant could not introduce said record under the general issue, but should have filed a special plea, and on the ground of fraud in obtaining the same. The court admitted the evidence and the complainant excepted.

Defendant introduced no other evidence except certain deeds and contracts and the record of a decree of the court of chancery.

The complainant then offered to show that said judgment so obtained in the aforesaid first *audita querela* was wholly fraudulent and void, was brought in the interests of the plaintiff in the original suit for the purpose of validating so far as he could the first aforesaid judgment of the County Court, and wholly without the knowledge or consent of the complainant; that it was not signed nor sworn to by the complainant. The court excluded the evidence and complainant excepted.

*T. M. Butler* and *L. W. Redington* for the plaintiff.

The record of this judgment was not admissible under the general issue. It is not a general denial of the complainant's cause of action. It was purely special matter in bar.

The *audita querela* is a judicial writ; but there is no reason why it should not be governed by the same rules as to pleadings. *Shumway* v. *Sargent*, 27 Vt. 442; *Phelps* v. *Slater*, 13 Vt. 195 and 17 Vt. 512; *Campbell* v. *Downer*, 47 Vt. 599.

A plea alleging a judgment upon a judgment attempted to be set aside is no bar to *audita querela* on the first judgment. 47 Vt. 599.

A judgment may be impeached for fraud or collusion. *Chamberlain* v. *Prible*, 93 Mass. 376. Best Ev. s. 595. And the record may be shown to be a forgery and for the same reason may be shown to have been obtained by fraud on the court. *Noell* v. *Wells*, Sid. 358; *Campbell* v. *Downer*, 47 Vt. 653; Freem. Judg. s. 249.

An action on a judgment may be defended on the ground of fraud and the original judgment is not conclusive if obtained by fraud and collusion. *Spencer* v. *Vigneaux,* 20 Cal. 442.

*J. C. Baker* for the defendant.

*Audita querela* is in the nature of a bill in equity and will not lie where the complainant has had an opportunity to try the question he complains of, or where the injury of which he complains is to be attributed to his own fault or neglect. *Comstock* v. *Grout,* 17 Vt. 512; *Staniford* v. *Barry,* 1 Aik. 321.

The complaint sounds in tort, and the proper plea is, not guilty. *Little* v. *Cook,* 1 Aik. 363. The record which was offered was a record of the same court in which the trial was in progress. That record and the writ in this case are referred to, and show by the inspection that the writ in the present case is a copy, only changing dates of the writ in the prior case, and is brought to set aside the same judgment, and that there was a judgment in that case against the complainant.

It is well settled that a former recovery may be shown in evidence under the general issue, as well as pleaded in bar. 1 Greenl. Ev. s. 531.

When a former adjudication is relied upon as having determined the entire controversy, it need never be pleaded as an estoppel, but is an equitable defence, and in many actions may be given in evidence under the general issue. *Gray* v. *Pingry,* 17 Vt. 419; *Perkins* v. *Walker,* 19 Vt. 144.

When a former recovery is given in evidence, it is equally conclusive in its effect, as if it were specially pleaded by way of estoppel. 1 Greenl. Ev. s. 531, *a; Johnsons* v. *Williams,* 48 Vt. 565.

The complainant did not deny that the adjudication in the record offered in evidence, was of the precise issue made by his complaint on trial; but he sought to impeach the first

judgment as fraudulently obtained by the defendant in the name of the complainant, but without his knowledge or consent.

This is not a proceeding to set aside that judgment, but an attempt to attack it collaterally. Judgments that appear to have been regularly obtained, are conclusive upon parties and privies, and they cannot be impeached in any collateral proceeding. *Kimball* v. *Newport*, 47 Vt. 38; *Porter* v. *Gile*, 47 Vt. 620. The record shows that the complainant appeared in the former *audita* proceedings by a known and recognized attorney of the court. This appearance binds the complainant. And that judgment could not be set aside on *audita querela*, brought directly to vacate that judgment. *Spaulding* v. *Swift*, 18 Vt. 214; *Abbott* v. *Dutton*, 44 Vt. 546; *Hayward* v. *Clark*, 50 Vt. 612.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an *audita querela*, brought to set aside a judgment of the County Court, alleging fraud and want of notice on the part of the complainant. Plea, general issue, and trial by jury, and verdict for the defendant.

The first exception taken was to the ruling of the court allowing the record of a judgment rendered by the County Court in an *audita querela* brought by the complainant against the defendant to set aside the judgment that is sought to be set aside under this, and in which the judgment was for the defendant, to be introduced as evidence.

The previous judgment might have been pleaded as an estoppel; but not having been so pleaded, it was allowable to give it in evidence under the plea of not guilty. Under that plea it is generally allowable to prove any fact that has a legal tendency to show that the complainant is not entitled to the relief prayed for. *Gray* v. *Pingry*, 17 Vt. 419.

The only other exception now insisted upon is to the refusal of the court to allow the complainant to introduce

the evidence offered for the purpose of impeaching that judgment.

It has been so frequently and uniformly decided in this State that a judgment apparently regular cannot be collaterally impeached, that there can be no necessity for an extended citation of the cases in which it has been so held.

In *Kimball* v. *Newport*, 47 Vt. 38, a party endeavored to impeach a judgment by pleading facts which were quite as conclusive against its validity as those offered to be shown here. The plea was demurred to, and yet the court held that the facts alleged were not sufficient, in law, to avoid the judgment; that judgments that appear to have been regularly obtained are conclusive upon parties and privies, and cannot be impeached in any collateral proceeding; that if a party to it would avoid it, it must be done by some proceeding instituted for that purpose.

The judgment is affirmed.