## Dorothy Murray v. James R. Cartmell's Executor et al

(102 A2d 853)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords and Adams, JJ., and Hulburd, Supr. J.**

Opinion Filed February 2, 1954.

*Bloomer & Bloomer* for the plaintiff.

*Wayne C. Bosworth* and *Frederick A. Bosworth* for the defendant.

**Adams, J.** This is a proceeding in chancery for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act, V. S. 47, Chap. 77. The bill is met by a demurrer on the ground of lack of equity jurisdiction and that the Probate Court for the District of Addison and the Addison County Court are the only tribunals which have jurisdiction thereof. The demurrer was sustained, the bill dismissed and the plaintiff allowed exceptions. The cause is here on these exceptions.

The bill alleges in substance that James R. Cartmell left a will which is set forth in full. It disposed of his business known as the Cartmell Garage and referred to an instrument of gift executed by him in connection with said business. The gift instrument is set forth in full in the bill. The will was intended to and did dispose of only a part of the estate of Cartmell. The plaintiff is the daughter of Cartmell, a legatee in the will and a beneficiary in the gift agreement.

The bill further sets forth that the will was offered for probate and an appeal taken to the county court where an agreement and stipulation was entered into which is fully set forth. The stipulation provided for a disposition of the garage business differently than it was disposed of by the will and gift agreement. Further allegations are that the will was allowed and that the cause was certified back to the Probate Court for the District of Addison. An account was there filed by the special administrator and an appeal taken to the Addison County Court where the cause is now pending. An appeal

was taken and is now pending in the same court from the disallowance of the claim of Dorothy Murray, the plaintiff herein, for services. The estate cannot be settled and closed on these appeals as the assets of the garage business are no longer a part of the estate, a sale thereof having been made. A dispute has arisen over the meaning and construction of the stipulation and that the appeals cannot be fully and adequately tried and disposed of until it is determined what is in the estate after an interpretation and determination of the meaning of the stipulation.

The prayers of the bill among others are in substance for a declaratory judgment construing the stipulation as a whole as well as certain specific clauses and phrases thereof, also what were the assets of the garage business and what administration charges are referred to in the stipulation.

■■ The Uniform Declaratory Judgments Act is contained in V. S. 47, §§1629-1644. By §1629 the Act is applicable to County Courts, Courts of Chancery and Probate Courts "within their respective jurisdictions." Under this section a petition cannot be brought to a court of chancery unless such facts are alleged as will give that court jurisdiction of the subject matter. The Act has not increased or enlarged the jurisdiction of the courts to which it is applicable. It has extended the power of the courts to grant relief and thus provides a more adequate and flexible remedy in cases where jurisdiction already exists. *Curtis* v. *O'Brien*, 117 Vt 52, 56, 84 A2d 584.

■■ The probate court has plenary and exclusive jurisdiction in the settlement of the estates of deceased persons. *In Re Estate of Curtis*, 109 Vt 44, 49, 192 A 13, and cases cited; *Kreichman* v. *Webster, Admr.*, 110 Vt 105, 109, 2 A2d 199, and cases cited. It is within the plenary jurisdiction of the Probate Court for the District of Addison where the Cartmell estate is being administered to recognize the stipulation in question, although the practice is not to be commended and it is the better and more orderly procedure that an estate be decreed according to the will and any other disposition of the estate be left for the subsequent consummation of the parties. *In Re Everett Estate*, 113 Vt 265, 271, 33 A2d 223.

■ The jurisdiction of the court of chancery in probate matters is not original, but special and limited and only in aid of the probate court where the powers of that court are inadequate. *In Re Will of Prudenzano*, 116 Vt 55, 61, 68 A2d 704.

The plaintiff in her brief calls our attention to §1632 of the statute which provides that a person interested as a devisee, legatee, heir or next of kin in the administration of an estate may have a declaration of rights or legal relations in respect thereto. Also our attention is called to §1640 wherein it is stated that the Act is remedial and its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other relations. The effect of these sections on §1629 was considered by this Court in *Curtis* v. *O'Brien, supra*, wherein it was held, as we have seen, that the jurisdiction of the court of chancery was not increased or enlarged by the Act.

The plaintiff, in her brief, relies upon the following statement in 16 Am Jur 302, "The Uniform Declaratory Judgments Act expressly entitles persons interested in the administration of an estate to declarations of rights or legal relations in respect thereto. Under this Act and similar statutes declaratory judgments have been rendered upon a wide variety of matters relating to the control and management of estates and also the rights therein and the distribution thereof." She does not point out or refer us to any case wherein it is held that the Act increases or enlarges the jurisdiction of the various courts to which petitions under the Act may be preferred. We are referred to no authority wherein it has been held that resort may be had to a court of chancery for a declaration of rights involving matters within the jurisdiction of the probate court.

She says that how a court is going to efficiently pass upon the account of a special administrator of an estate until it is determined what goes into the estate as a general asset, a limited asset or not an asset at all seems a bit confusing. That is no reason for giving a court jurisdiction where it does not already exist. If the probate court does not see fit to recognize the stipulation involved in the instant case, a court of chancery is without jurisdiction to construe it in aid of the

probate court. If it sees fit to recognize the stipulation because it is within its plenary jurisdiction to do so, then it has the jurisdiction to construe it.

It follows that upon the facts set forth in the bill, about which we express no opinion on their merits, and for aught that has been called to our attention here, the court of chancery was without jurisdiction of the matters alleged in the bill or of the relief sought. *Judgment sustaining the demurrer of the defendant Robert J. Cartmell, Executor, and dismissing the bill of complaint affirmed.*