# Winooski Urban Renewal Agency v. Green Mountain Power Corporation

[365 A.2d 514]

No. 335-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Gilbert Myers*, Essex Junction, for Plaintiff.

*Paul D. Sheehey*, Burlington, for Defendant.

**Per Curiam.** Purporting to be an action for declaratory judgment, plaintiff's petition was addressed to a designated superior judge. Findings of fact, based upon an agreed statement, were signed and filed by another superior judge, who heard the matter without assistant judges, for no reason apparent from the record. The petition as filed sought no equitable relief, but only a declaration of legal rights.

A declaratory judgment action is not equitable in nature unless it involves equitable subject matter jurisdiction. *Murray* v. *Cartmell's Ex'r*, 118 Vt. 178, 102 A.2d 853 (1954). Absent compliance with 4 V.S.A. § 117(3), the superior judge had no authority to hear the matter below and render findings. 4 V.S.A. §§ 111(a), 112. Under V.R.C.P. 83(1) close scrutiny of the issues presented in a superior court action is required, so that actions which would have been at law prior to July 1, 1971, are tried by the appropriate tribunal. Cf. Reporter's Notes, V.R.C.P. 83.

Even were these defects curable, the facts agreed upon and found are inadequate for adjudication of the issue presented. The determination sought is as to whether defendant, in plaintiff's urban renewal project area, is required to locate its electric utilities underground at its own expense. Not found or agreed upon are what portions of the utilities are within or outside street boundaries, what are distribution or service facilities, what provisions exist for customer payment of related costs, or the facts relating to purported conveyances of existing streets by the City of Winooski without statutory discontinuance. None of these matters pertinent to the requested adjudication can be inferred, since only necessary inferences can be drawn from agreed facts. *Hooper* v. *Kennedy*, 100 Vt. 314, 137 A. 194 (1927). This defect should be remedied on remand.

*Judgment vacated, and cause remanded for further proceedings consistent with this opinion.*