## University of Vermont v. Town of Colchester

[392 A.2d 413]

No. 168-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and
Smith, J. (Ret.), Specially Assigned

Opinion Filed September 11, 1978

*Matthew I. Katz* and *Paul K. Sutherland* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Plaintiff.

*Barbara E. Cory* and *Frederic W. Allen* of *Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Larrow, J.** This is an action to recover taxes paid under protest by the University of Vermont to the Town of Colchester. It involves the same property discussed in *University of Vermont* v. *Town of Essex*, 129 Vt. 607, 285 A.2d 728 (1971), then used as housing for university personnel, but at all times herein material now used as low rent housing for married students. The primary issue is the applicability of the same statute, there construed, No. 66 of the Public Acts of 1955, § 7, exempting from taxation property of the plaintiff "now held or owned or hereafter acquired . . . for educational purposes." Concluding that the exemption is applicable because "[t]he key fact here is that the property is being used to foster the education of students," the trial court gave judgment for payments made to the Town under protest over a three year period, despite the Town's insistence below that recovery for payments made more than one year before suit was barred by 32 V.S.A. § 5295(4).

The judgment below is a substantial one, and the litigation is almost five years old. Resolution of the principal issue, tax exemption *vel non*, however, cannot be undertaken upon the record before us, its resolution depending to large degree upon the factual situation.

In the first instance, as we pointed out in *Krupp* v. *Krupp*, 126 Vt. 511, 236 A.2d 653 (1967), proper performance of the judicial function requires impartial patience and adequate reflection, not demonstrated where findings are copied verbatim from the requests of the parties. Here 29 findings were made and filed, 17 taken word for word from the requests of the plaintiff and 12 from the requests of the defendant. The deficiency strikes even deeper upon analysis, because two of the findings, on what the parties have treated as a key factual issue, are directly contradictory of each other. Finding No. 27 states that living in close proximity with other married students is important, because interaction with others in the

same social situation is important for academic as well as personal goals, while Finding No. 22 states that although this interaction may be desirable and may enhance the learning process, the benefit is remote and incidental. These findings are diametrically opposite, as may be expected when culled from different sets of requests to find.

Another defect apparent from the record below is the casual manner in which the matter was tried, with respect to the presence or absence of a fully constituted court. The trial extended over a two day period, and on the first day the presiding judge and one of the assistant judges sat. On the second day, for unexplained reasons, the assistant judge was absent, and the presiding judge sat alone, commenting that "it's like a jury, if you miss one word you're out." Notwithstanding this, the findings were signed by both, as was a supplemental finding. Later amended findings were signed by the presiding judge alone. Conclusions of law were signed and filed by all three judges, and the ultimate judgment order was signed by the presiding judge and the original assistant judge. Whatever the rationale behind this unpatterned procedure, it cannot stand.

The action here is one formerly cognizable at law, and the court designated to hear it is a majority of the judges of the superior court. 4 V.S.A. § 111(a); see V.R.C.P. 83(1). Two judges are required for a quorum. 4 V.S.A. § 111(a). A superior judge (or a specially designated judge) is required to preside. 4 V.S.A. § 111a. On the second day of trial below, there was no court sitting, since only the presiding judge was present; further proceedings should have been postponed, to await the renewed presence of the assistant judge. But cf. 1977 Vt. Acts, No. 235 (Adj. Sess.), § 4 (amending 4 V.S.A. § 112) (amendment became effective after the trial of this cause). Unlike the Administrative Procedure Act, applicable to contested cases before administrative bodies, our rules and statutes have no provision permitting participation in a decision by a member of a tribunal who did not hear the case. Cf. 3 V.S.A. § 811. Whatever their standing to rule upon questions of law in criminal cases, limited by *State* v. *Dunkerley*, 134 Vt. 523, 365 A.2d 131 (1976) and resulting amendment of V.R.Cr.P. 54(c)(1)(ii), the necessity for par-

ticipation of assistant judges in the factfinding process in appropriate civil cases has not yet been questioned. The procedure is not one for individual choice or casual observance; the presence or absence of a quorum is essential to decision, absent a prescribed statutory procedure adequately safeguarding, in some other fashion, the rights of the parties. Cf. 4 V.S.A. § 112. Even were the findings independently arrived at and compatible with each other, they could not stand.

Since a remand and new trial is required, we would note in passing that a finding regarding the provisions of the tenant leases might well be of help in deciding the issues presented, in particular a finding as to whether or not they are coextensive with the academic year of the plaintiff.

*Judgment vacated and cause remanded for new trial.*