**BURLINGTON DATA PROCESSING, INC.**

v.

**AUTOMATED MEDICAL SYSTEMS, INC., Clinical Management Systems, Inc., and William Carlson.**

Civ. A. No. 79–151.

United States District Court,
D. Vermont.

June 12, 1980.

Alan F. Sylvester, Sylvester & Maley, Burlington, Vt., for plaintiff.

Thomas F. Heilmann, Villa & Heilmann, Burlington, Vt., Paul S. Richter, Batzell, Nunn & Bode, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

HOLDEN, Chief Judge.

This action was originally filed in the Vermont Chittenden County Superior Court. It was removed to this court on July 26, 1979. The original complaint alleged misappropriation of proprietary information, conversion, unfair competition, breach of a confidential relationship and breach of contract. On February 19, 1980, plaintiff moved to amend the complaint by adding a cause of action alleging fraud, deceit, misrepresentation and breach of contract. The amended complaint alleges that as a result of representations made by defendants, the plaintiff agreed to render null and void a restrictive covenant contained in the original contract between the two parties. The agreement to set aside the restrictive covenant constituted the basis for a consent decree entered on February 15, 1978 in the Eastern District of Pennsylvania in Civil Action 77–4254 which involved the same parties that are before the court at this time. On May 6, 1980 this court denied plaintiff's motion to amend for the reason that it appeared to be an attempt to circumvent the consent decree entered in the Eastern District of Pennsylvania. On May 20, 1980 plaintiff moved for reargument and reconsideration of the motion to amend. After further oral and written argument the court again denies plaintiff's motion to amend for the reasons which follow.[1]

■ As a general rule, a consent judgment is a judgment on the merits, as is a judgment entered upon a settlement or compromise. *Wallace Clark & Co., Inc. v. Acheson Ind.*, 394 F.Supp. 393 (S.D.N.Y. 1975), aff'd 532 F.2d 846 (2 Cir.), *reh. denied* 427 U.S. 908, 96 S.Ct. 3194, 49 L.Ed.2d 1200 (1976); *Stuyvesant Insurance Co. v. Dean Construction Co.*, 254 F.Supp. 102 (S.D.N.Y. 1966), aff'd 382 F.2d 991 (2 Cir. 1967). The rationale for the rule has been stated by the Supreme Court:

Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation.

*United States v. Armour & Co.*, 402 U.S. 673, 681, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971).

■ Because it is a final, valid judgment, a consent decree has the same res judicata force and effect as a judgment after a trial on the merits. 1B J. Moore, *Federal Practice*, § .409(5). A final, valid judgment, though erroneous, is not subject to collateral attack, *Id.* at § .405(4.–1), unless it can be shown that the court rendering it was without jurisdiction. *See Midissa Television Co. v. Motion Pictures for Televisions, Inc.*, 290 F.2d 203 (5th Cir. 1961), *cert. denied* 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961). *Anderson v. Tucker*, 68 F.R.D. 461 (D.Conn.1975). 1B J. Moore, *Federal Practice*, § .407. Thus collateral attack may be based on the grounds of fraud, even if that fraud is extrinsic. *Id.*

■ A collateral attack is one questioning the validity of a judgment in a proceeding which is not brought for the purpose of modifying, setting aside, vacating or enjoining the judgment. It is an attempt to avoid, defeat, or evade a judicial decree or to deny its force and effect. 1B J. Moore, *Federal Practice*, § .407. As the court in *Miller v. Meinhard-Commercial Corporation*, 462 F.2d 358, 360 (5th Cir. 1972) stated "Even though an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment."

1. At the time of oral argument the parties entered a written stipulation for a protective order which the court has approved. The court also leaves undisturbed the disposition of the plaintiff's request for sanctions as provided in the order of May 6, 1980.

The amendment to the complaint, Count VII, advances a collateral attack on the consent decree entered in the Eastern District of Pennsylvania. In oral argument, counsel for plaintiff stated that the purpose of the amendment was to seek damages for fraudulent inducement of the consent judgment. Furthermore, the proposed amendment, as stated in Count VII, is directed to the aspect of the judgment concerning the agreement to render the restrictive covenants in the parties' original contract null and void. In *United States v. Armour & Co., supra*, the Supreme Court stated that "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *Id.*, 402 U.S. at 682, 91 S.Ct. at 1757. The consent decree entered by the Eastern District of Pennsylvania specifically states that "in all other respects, the restrictive covenants, as set forth in Paragraph 6 of the Agreement of January 14, 1976, are now null, void and of no effect." The nullification of the restrictive covenant is the core of the consent decree. If plaintiff's amendment were permitted, this court would be called upon to entertain a collateral attack on a judgment entered by the court in the Eastern District of Pennsylvania that had jurisdiction of the parties and the subject matter.

Since the amendment proposed by the plaintiff seeks to override a judgment entered by a court of competent jurisdiction that remains unchallenged by direct assault in the district of its origin or elsewhere, the motion to amend cannot prevail. The plaintiff's motion for reconsideration is denied.

It is so ORDERED.