**Victor A. Bennett Estate, Margaret B. Bennett and Duncan Y. Bennett, Administrators v. Travelers Insurance Company**

[438 A.2d 380]

No. 442-80

Present: Barney, C.J., Hill and Peck, JJ., and Larrow and Smith, JJ. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

340

*Bloomer and Bloomer*, Rutland, for Plaintiff.

*Smith, Harlow & Liccardi*, Rutland, for Defendant.

**Peck, J.** It has been said that "he must have patience who to law will go." R. Dodsley, *Pain and Patience* (1745). This has been especially true for the parties to this appeal. Although the litigation has not progressed beyond the stage of discovery, it is now before this Court for the second time.

This appeal results from the collision of automobiles driven by plaintiff Bennett, now deceased, and a motorist insured by defendant Travelers Insurance Company. Plaintiff brought suit against the driver of the other vehicle, and on January 20, 1974, a default judgment was entered by the then Bennington County Court. A hearing on damages was held before the presiding judge and two assistant judges. V.R.C.P. 55(b)(3). It was at this point that the uneventful course of the proceedings turned abruptly into controversy.

On January 22, 1974, the trial court, although not requested or required to, returned findings of fact and conclusions of law on the issue of damages. The order contained lines for the signatures of three judges but was signed only by the presiding judge. A formal judgment order incorporating the findings was filed on January 30, 1974. Again, only the presiding judge signed the judgment order.

Subsequently, plaintiff brought the present action seeking to enforce the 1974 judgment directly against defendant Travelers pursuant to 8 V.S.A. § 4203(3).[1] Defendant moved to dis-

---

[1] Under 8 V.S.A. § 4203(3), an injured person holding a judgment against a bankrupt or insolvent insured may maintain an action under the terms of the policy against the insurer of the insured.

miss plaintiff's action on the ground that the 1974 judgment order was invalid because it and the findings were signed only by the presiding judge. The trial court agreed and granted defendant's motion. On appeal we held the dismissal to be premature and remanded the case for further proceedings. *Bennett Estate* v. *Travelers Insurance Co.*, 138 Vt. 189, 413 A.2d 1208 (1980).

On remand defendant once again moved to dismiss plaintiff's action on the ground that the 1974 judgment order was invalid. The trial court properly treated the motion as one for summary judgment, as materials outside the pleadings were submitted by the parties.[2] V.R.C.P. 12(b), 56(e). The court, although agreeing with defendant's argument, denied the motion because it concluded defendant did not have standing to collaterally attack the 1974 judgment. Defendant requested permission to appeal prior to final judgment, V.R.A.P. 5(b), and the trial court certified the following controlling question of law:

> Can the defendant in this case, who is being sued on a judgment in a companion case, to which it was not a party ... collaterally attack that judgment when that Court had jurisdiction over the persons and the subject matter, and the presiding judge and the two assistant judges heard the evidence, but only the presiding judge signed the findings of fact and conclusions of law, and only the presiding judge signed the judgment, and the judgment was never appealed or amended?

█ The trial judge, in his formulation of the certified question, correctly notes that defendant's attack on the 1974 judgment is a collateral one. A collateral attack is "one questioning the validity of a judgment in a proceeding which is not brought for the purpose of modifying, setting aside, vacating or enjoining the judgment." *Burlington Data Processing, Inc.*

---

[2] Defendant's motion to dismiss was submitted to the court on memoranda of law, together with a stipulation by the parties listing extrinsic evidence to be considered by the court. That evidence included the depositions of the presiding judge who signed the 1974 judgment and the clerk of the Bennington Superior Court.

v. *Automated Medical Systems, Inc.*, 492 F. Supp. 821, 822 (D. Vt. 1980).

It is firmly established that judgments that appear to have been regularly obtained are conclusive upon parties and privies, and cannot be collaterally attacked. *Santerre* v. *Sylvester*, 108 Vt. 435, 439, 189 A. 159, 161 (1937); *Mussey* v. *White*, 58 Vt. 45, 49, 3 A. 319, 321 (1886). An exception to this rule is that a judgment may be collaterally attacked if the court rendering it lacks jurisdiction over the subject matter or parties. *State* v. *Putnam*, 137 Vt. 410, 413, 407 A.2d 161, 162 (1979); *Town of Putney* v. *Town of Brookline*, 126 Vt. 194, 200, 225 A.2d 388, 392 (1967). We have also permitted collateral attack of judgments issued by courts in excess of their statutory authority. *In re Estate of Woolley*, 96 Vt. 60, 63, 117 A. 370, 371 (1922). Parties or their privies may not, however, collaterally attack mere errors or irregularities in the exercise of jurisdiction. *Town of Putney* v. *Town of Brookline, supra,* 126 Vt. at 200, 225 A.2d at 392. See also *Kingsbury* v. *Kingsbury*, 137 Vt. 448, 453, 407 A.2d 512, 515 (1979).

Defendant acknowledges that it seeks to attack collaterally the 1974 judgment but contends that this is permissible because: (1) it is a stranger to that judgment, and (2) the judgment was void because not rendered by a statutory court. Because we hold that defendant has standing to collaterally attack the 1974 judgment on the ground that it is void, we do not reach defendant's first argument.

Absent compliance with 4 V.S.A. §§ 111(a), 112, a superior court has no authority to hear and decide a matter. *Winooski Urban Renewal Agency* v. *Green Mountain Power Corp.*, 134 Vt. 497, 497, 365 A.2d 514, 515 (1976). The orders of such a court are without basis in law and void. *Suitor* v. *Suitor*, 137 Vt. 110, 111, 400 A.2d 999, 1000 (1979). The lack of statutory authority to make a particular order or judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. *In re Mattison*, 120 Vt. 459, 463, 144 A.2d 778, 781 (1958). Accordingly, defendant has standing to collaterally attack the 1974 judgment on the ground that it is a nullity, and the certified question must be answered in the affirmative. *Barber* v. *Chase*, 101 Vt. 343, 351, 143 A. 302, 305

(1928) ; *In re Estate of Woolley, supra*, 96 Vt. at 63, 117 A. at 371.

This does not mean, however, that defendant can *successfully* attack the 1974 judgment on its stated ground. Both parties urge us to reach this issue even though it is not directly raised by the certified question. Generally, we confine our review of interlocutory appeals to the express questions certified by the court below. *Pasquale* v. *Genovese*, 139 Vt. 346, 349–50, 428 A.2d 1126, 1129 (1981) ; *Wood* v. *Wood*, 135 Vt. 119, 121, 370 A.2d 191, 192 (1977). Nevertheless, we may elect to review those issues necessary to determine the validity of the order or ruling from which appeal has been taken. *State* v. *Carpenter*, 138 Vt. 140, 145, 412 A.2d 285, 288 (1980). In the interests of judicial economy we will now consider the merits of defendant's claim that the 1974 judgment order is void because issued by a statutorily defective court.

The superior court consists of a presiding judge and two assistant judges, any two of whom shall be a quorum. 4 V.S.A. § 111(a). Both of the assistant judges participated in the hearing on plaintiff's damages. A quorum, "essential to decision," was present. *University of Vermont* v. *Town of Colchester*, 136 Vt. 403, 406, 392 A.2d 413, 415 (1978). Thus, here, unlike the situations in *Suitor* v. *Suitor, supra*, 137 Vt. at 111, 400 A.2d at 1000, and *Winooski Urban Renewal Agency* v. *Green Mountain Power Corp., supra*, 134 Vt. at 497, 365 A.2d at 515, the superior court had authority to hear the matter and return findings.

Defendant contends that despite the presence of a quorum the 1974 judgment is void because the decision on damages was made by the presiding judge alone. The only evidence offered by defendant to support this contention is the January 22, 1974, findings, without the assistant judges' signatures. The depositions of the presiding judge and the clerk of the Bennington Superior Court, far from conclusively demonstrating disagreement among the judges, indicated that the omission of the assistant judges' signatures was attributable to clerical error. Thus, defendant's reliance on *Labor* v. *Carpenter*, 102 Vt. 418, 148 A. 867 (1930), is misplaced. In *Carpenter* judicial disagreement was obvious; a minority find-

ing and judgment order was signed and filed. *Id.* at 419, 148 A. at 867–68. Defendant has plainly not shown that both, or even one, of the assistant judges disagreed with the findings on damages.

Furthermore, we reject defendant's argument that the January 30, 1974, judgment order is invalid because it was not signed by the assistant judges. The order in question was entered on V.R.C.P. Form 32, which provides a signature line only for the presiding judge. This conforms with the requirement of V.R.C.P. 58 that: "The *Presiding Judge* shall promptly approve and sign the judgment . . . ." (Emphasis supplied.) Moreover, a judgment order entered on Form 32 is sufficient under the Rules of Civil Procedure. V.R.C.P. 84. Therefore, we hold that defendant has failed to sustain its burden of showing that the 1974 judgment was not the decision of a statutory court.

*The certified question is answered in the affirmative. Cause remanded for further proceedings consistent with the views expressed herein.*