In re KELTON MOTORS, INC., Debtor.

Gleb GLINKA, Esq., Trustee, Plaintiff,

v.

MERCEDES–BENZ CREDIT
CORP., Defendant.

Civ. No. 90–201.

United States District Court,
D. Vermont.

March 28, 1991.

Jerome I. Meyers, White River Junction, Vt., for debtor.

Gleb Glinka, Glinka & Palmer, Cabot, Vt., as trustee.

John J. Kennelly, Carroll, George & Pratt, Rutland, Vt., for defendant.

## OPINION AND ORDER

PARKER, District Judge.

Defendant Mercedes–Benz Credit Corporation ("MBCC") moves, pursuant to Bankruptcy Rule 8003, and 28 U.S.C. § 158(a) and (c) (West Supp.1990), for leave to appeal from an order of the Bankruptcy Court of the District of Vermont denying a motion to dismiss. The motion is denied.

On April 28, 1989, debtor filed an adversary proceeding against MBCC, in the United States Bankruptcy Court, District of Vermont, alleging six causes of action. After the bankruptcy court granted a motion by the debtor to convert the proceedings to a Chapter 7 proceeding, the Trustee for the debtor corporation filed an amended complaint on December 20, 1989 which stated three causes of action. Trustee's first cause of action for "lender liability" averred that on February 5, 1986 Mercedes and debtor entered into a financing agreement and without an extension of debtor's line of credit, Mercedes financed $5 million in new trucks, which overloaded debtor's financial resources and contributed to debtor's demise. Trustee's second cause of action was for tortious interference in business relations. Trustee claimed that Mercedes willfully and maliciously interfered with debtor's contractual relationship with another company for sale of a certain franchise held by debtor. Trustee's last cause of action demanded that Mercedes, due to its conduct in the first two causes of action, should be equitably subordinated to the claims of other creditors of debtor's estate pursuant to 11 U.S.C. § 510(c) (1979). The amended complaint demanded compensatory damages in the amount of $9,750,000 and punitive damages of $10,000,000.

MBCC filed an answer to the complaint and then moved to dismiss. MBCC argued that Trustee's first cause of action was barred by the doctrine of res judicata and the compulsory counterclaim provision of Rule 13(a) of either the federal or Vermont rules of civil procedure. MBCC moved to dismiss Trustee's second cause of action by granting MBCC judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or alternatively dismissing the claim for failure to comply with the heightened pleading requirement of Fed.R.Civ.P. 9(b) for fraud. Lastly, MBCC argued the third claim should be dismissed because it could be a viable cause of action only if either of the Trustee's other two claims remained.

The bankruptcy court found that res judicata did not bar litigation of the first cause of action because the consent judgment in the prior state court proceeding [1] did not amount to an adjudication on the merits of the present claim. The bankruptcy court concluded that there had been no responsive pleadings filed prior to entry of the consent judgment and no findings of fact or conclusions of law accompanied the consent judgment.

Defendant's motion for judgment on the pleadings was denied on the grounds that defendant had denied Trustee's material factual allegations in its answer, thereby raising factual issues. Assuming that Trustee's allegations are true, the court found that they alleged a cause of action. Lastly, the bankruptcy court found that Rule 9(b)'s particularized pleading requirement is not applicable to plaintiff's tortious interference claim.

## LEAVE TO APPEAL

Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees, of

---

1. A consent judgment was entered against Kelton Motors, Inc. and others in *Mercedes–Benz Credit Corp. v. Kelton Motors, Inc., Carl E. Kel-* *ton, Sr. and Shirley R. Kelton,* No. S393–88–WrC (Vt.Super.Ct., Windsor Co., Oct. 18, 1988).

bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

. . . .

(c) An appeal under subsections (a) and (b) of this title shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. . . .

In determining whether leave to appeal an interlocutory order should be granted this Court will use the standard of review set out in 28 U.S.C. § 1292(b), which governs interlocutory appeals of district court decisions to the Court of Appeals. We are using the § 1292(b) standard because neither the bankruptcy code nor rules provide any criteria for determining when an interlocutory appeal should be granted. Other district courts have therefore applied the criteria of § 1292(b). *In re Johns–Manville Corp.*, 47 B.R. 957, 960 (S.D.N.Y. 1985); *In re Codesco, Inc.*, 30 B.R. 472, 473 (S.D.N.Y.1983). Section 1292(b) permits interlocutory appeals where three requirements are satisfied: (i) a controlling question of law is involved, (ii) the question is one as to which there is substantial ground for difference of opinion, and (iii) an immediate appeal may materially advance the ultimate termination of the litigation.

Section 1292(b)'s criteria must be understood within the framework of the purpose of the statute. The purpose of the statute is to avoid the inflexibility of the final judgment rule in cases where it would be more efficient to decide the correctness of some isolated and contained point of law, which governs the entire case, before going to trial. Interlocutory appeals are an exception to the usual restriction that appellate jurisdiction is limited to review of final judgments. Piecemeal appellate review causes unnecessary delay, and appellate courts on interlocutory appeals may be burdened with deciding legal issues in a factual vacuum. Hence, section 1292(b)'s criteria must be applied to further the purpose

of interlocutory appeals: "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 C. Wright & A. Miller, Federal Practice and Procedure § 3930, at 156 (2d ed. 1990).

In the instant case, MBCC does not meet all of the requirements of § 1292(b). Although the ruling on the motion to dismiss involves a controlling question of law, there are no issues raised in MBCC's motion which involve "substantial ground for difference of opinion." Defendant has failed to show either (1) that the bankruptcy court ruled in a manner which is contrary to the ruling of all of the appellate courts that have reached the issues raised,[2] or (2) that the district courts are divided on issues not yet decided by the Court of Appeals of this Circuit.[3]

■ MBCC claims that res judicata bars litigation of the Trustee's first cause of action because of a consent judgment which issued on October 18, 1988, in a previous state court action by MBCC against Kelton.[4]

The law is well settled that consent decrees are generally treated as final judgments on the merits having res judicata effect—preventing relitigation of the claim presented. *Wallace Clark & Co. v. Acheson Indus., Inc.*, 532 F.2d 846, 848 (2d Cir.), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976). As this Court has ruled:

> As a general rule, a consent judgment is a judgment on the merits, as is a judgment entered upon a settlement or compromise. The rationale for the rule has been stated by the Supreme Court:
>
> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the

---

**2.** *Longo v. Carlisle DeCoppet & Co.*, 537 F.2d 685 (2d Cir.1976).

**3.** *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 478 F.Supp. 889, 944 (E.D.Pa.1979).

**4.** *See supra* note 1.

time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation.

*United States v. Armour & Co.,* 402 U.S. 673, 681 [91 S.Ct. 1752, 1757, 29 L.Ed.2d 256] (1971).

Because it is a final, valid judgment, a consent decree has the same res judicata force and effect as a judgment after a trial on the merits.

*Burlington Data Processing, Inc. v. Automated Medical Systems, Inc.,* 492 F.Supp. 821, 822 (D.Vt.1980) (citations omitted).

It is also well settled law that "failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim."[5] 6 C. Wright & A. Miller, Federal Practice and Procedure § 1417, at 129 (2d ed. 1990); *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974). The Second Circuit has held that "whenever a compulsory counterclaim is not pleaded in an action *when it should have been pleaded* the judgment entered in that action is clearly res judicata as to the merits of the unpleaded counterclaim." *United States v. Eastport Steamship Corp.,* 255 F.2d 795, 805 (2d Cir.1958) (emphasis added).

In the instant action, however, the bankruptcy court concluded that the consent judgment which MBCC claims as a bar was entered before the state court defendants' time to file an answer had expired,[6] and therefore, prior to the time when the counterclaim "should have been pleaded." *Id.*

A well established exception to the general rule giving consent judgments res judicata effect is that there is no subsequent preclusion of a counterclaim which was never raised in the earlier proceeding because no responsive pleadings were filed. *Martino v. McDonald's System, Inc.,* 598 F.2d 1079 (7th Cir.), *cert. denied,* 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979). *See also Lawhorn v. Atlantic Refining Co.,* 299 F.2d 353 (5th Cir.1962) (party who has successfully moved to dismiss for failure to state a claim for relief not barred from later bringing suit against same opponent on a claim arising out of the transaction that formed the basis of original action); *United States v. Thompson,* 262 F.Supp. 340 (S.D.Tex.1966) (when prior suit by taxpayers against government was dismissed with prejudice at the instance of taxpayers before the government filed responsive pleadings, a later action by government against those taxpayers for the same tax liabilities is not barred on ground that it should have been asserted as counterclaim in prior suit). In other words, the consent judgment pled as a bar by MBCC in *this case* was not a final judgment as to the *claim* raised in this case, because this *claim* was never raised in the earlier case—nor was it required to be raised.

We cannot conclude that there is "substantial ground for difference of opinion" regarding the bankruptcy court's ruling on MBCC's motion to dismiss count I.

▪ As to defendant's Rule 12(c) motion for judgment on the pleadings, again the law is clear. Rule 12(c) was designed to facilitate early disposition of cases on the merits when the material facts are not in dispute. Therefore, a Rule 12(c) motion is inappropriate where there are material facts in dispute. *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1367, at 685

---

5. "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a).

6. The complaint was filed on September 28, 1988 and the consent judgment was entered on October 18, 1988. Under Vermont Civil Rule of Procedure 12(a), Kelton had 20 days from the service of summons and complaint to file an answer. Hence, Kelton had at least until the close of business on October 18, 1988 to file its answer.

(1969)). The Bankruptcy Court found that material factual disputes exist in this case. The basic proposition that a movant must establish that no material fact remains to be resolved before requesting a judgment on the pleadings is not an issue raising *any* ground for difference of opinion.

■■■ MBCC's argument that count II should be dismissed for plaintiff's failure to comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement in pleading the circumstances of fraud is also an area of settled law. Rule 9(b) is "an exception to the generally liberal scope of pleading allowed by Rule 8, F.R.Civ.P." *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Allegations of fraud should specify the time, place, speaker, and the content of the alleged misrepresentations. *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Luce*, 802 F.2d at 54. Allegations based on information and belief usually do not satisfy the particularity requirement, unless accompanied by a statement of facts upon which the belief is founded. This rule may be relaxed as to matters peculiarly within the opposing party's knowledge. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298, at 654–55 (2d ed. 1990); *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972).

The purpose of Rule 9(b) is to deter groundless suits commenced solely for their nuisance or settlement value and to provide enough detail to an adverse party to enable him/her to prepare a responsive pleading. Courts have been cautious to avoid putting too much emphasis on the rule's particularity requirement, since it is only a narrow exception to the federal rules' liberal and flexible construction of pleadings. Also, Rule 8(f) provides that "all pleadings shall be construed so as to do substantial justice."

■■■ Trustee's second count is for tortious interference with business relations.

The elements the plaintiff must allege for this tort are that the defendant intentionally and improperly induced or caused a third person not to perform under its contract with the plaintiff. *Williams v. Chittenden Trust Co.*, 145 Vt. 76, 80, 484 A.2d 911, 913 (1984). Fraud or mistake is not an element of this tort.

In sum, defendant has not met the criteria in 28 U.S.C. § 1292(b). This court will not grant leave to appeal an interlocutory order when no basis for the appeal has been presented other than an assertion that the bankruptcy court ruling was wrong. Defendant's motion to this court seeking leave for an interlocutory appeal is hereby DENIED.