**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    24-AP-207

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2025

| | |
|---|---|
| Commissioner of Labor, State of Vermont v. American Empire General Contracting Corp.\* } } } } } | APPEALED FROM:<br><br>Superior Court, Washington Unit,<br>Civil Division<br>CASE NO. 23-CV-05246<br>Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Defendant American Empire General Contracting Corp. appeals from the civil division's grant of summary judgment to plaintiff, the Commissioner of the Vermont Department of Labor, in this action to enforce a final order for collection of unpaid wages.[1]  We affirm.

In March 2022, the Department issued a written determination and order for collection concluding that defendant owed a former employee $66,580.31.  An administrative law judge dismissed defendant's subsequent appeal as untimely filed, and the Employment Security Board sustained the decision.  Defendant appealed to this Court, and we affirmed.  Am. Empire Gen. Contracting Corp. v. Dep't of Labor, No. 23-AP-145, 2023 WL 6793501 (Vt. Oct. 13, 2023) (unpub. mem.) [https://perma.cc/QY5Z-UEHG].

The instant appeal arises from the Department's suit to enforce the order for collection, which it filed in superior court in December 2023.  See 21 V.S.A. § 342a(g) ("The Commissioner may enforce a final order for collection . . . within two years of the date of the final order in the Civil Division of the Superior Court.").  The agency later moved for summary judgment, arguing that its order had become final and all that remained was for defendant to pay its debt.  In support of its accompanying statement of undisputed material facts, the agency filed an affidavit of its wage-and-hour-claim examiner indicating that defendant owed the Department a total of $66,875.20, comprised of the unpaid wages and $294.89 in costs.

Defendant opposed the Department's summary-judgment motion.  Among other things, it argued that the material facts were genuinely disputed and contended that the "State of Vermont" was without jurisdiction over the matter because the former employee lived in California and performed services for the clients of a separate but related corporate entity outside of Vermont.

---

[1]  In the superior court and on appeal, defendant appeared with permission through nonattorney representative Brian Horton, its sole shareholder.  See 11A V.S.A. § 3.02(1) (providing that court shall permit corporation to appear through nonattorney representative if proposed representative is authorized to represent corporation, demonstrates adequate legal knowledge and skills, and shares common interest with corporation).

The trial court issued an order on the motion setting forth the following analysis. The court was willing to accept defendant's opposition to the Department's motion notwithstanding the agency's objection that it was untimely filed. The opposition, however, failed to comply with Vermont Rule of Civil Procedure 56(c)(2), which sets forth certain requirements for "nonmoving part[ies] responding to a statement of undisputed material facts and asserting that a fact is genuinely disputed." The court therefore deemed the facts asserted by the Department undisputed for purposes of the motion. See V.R.C.P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."). Moreover, the court noted, even if it were to consider defendant's unsupported factual assertions, they would be insufficient to establish a genuine dispute of material fact insofar as defendant's opposition amounted to an impermissible collateral attack on the final order for collection. The court therefore entered summary judgment for the Department. This appeal followed.

Defendant first argues that the court erred in failing to address the jurisdictional challenge it raised in opposition to the Department's motion. Defendant contends that the Department lacked subject-matter jurisdiction to issue its determination and order for collection, asserting that the agency erroneously assumed jurisdiction based on the former employee's alleged misrepresentations regarding where she worked.

The trial court did not expressly address defendant's jurisdictional argument in its analysis. It correctly concluded, however, that the Department's March 2022 order for collection is a final judgment.[2] See Town of Pawlet v. Banyai, 2024 VT 13, ¶ 8 (explaining that final judgment is one that "conclusively determine[s] the rights of the parties, leaving nothing for the court to do but execute [it]" (quotation omitted)). As the court recognized, final judgments are not generally susceptible to collateral attack in a subsequent enforcement proceeding. Id. (explaining that collateral attack is "an attempt to question the validity of a final judgment in a proceeding that is not brought for the purpose of modifying, setting aside, vacating[,] or enjoining the judgment" (quotation omitted)). For the reasons set forth below, we conclude that defendant's jurisdictional argument falls outside the narrow category of challenges that may be raised as a collateral attack. Therefore, even assuming the trial court overlooked the argument— as opposed to implicitly addressing it in concluding that defendant's collateral attacks on the final order were barred—we see no reversible error. See Gilwee v. Town of Barre, 138 Vt. 109, 111 (1980) (explaining that error will not result in reversal on appeal "if the record, as here, indicates any legal ground for justifying the result").

As defendant notes, one exception we have recognized to the general bar on collateral attacks "is that a judgment may be collaterally attacked if the court rendering it lacks jurisdiction

_____

[2] To the extent defendant intended to assert that the March 2022 order is not final due to the scope of the issues reached in its direct appeals, we do not address this contention because it was raised for the first time in defendant's reply brief. See Vasseur v. State, 2021 VT 53, ¶ 15, 215 Vt. 224 ("Our law is clear that issues not raised in an appellant's original brief may not be raised for the first time in a reply brief." (quotation omitted)). We note, however, that the well-established " 'test of whether a decree or judgment is final . . . is whether it makes a final disposition of the subject matter before the [tribunal].' " Horgan v. Horgan, 2021 VT 84, ¶ 9, 216 Vt. 12 (quoting In re Est. of Webster, 117 Vt. 550, 552 (1953)).

over the subject matter."[3]  Bennett Est. v. Travelers Ins. Co., 140 Vt. 339, 343 (1981), abrogated in part on independent grounds by Bevins v. King, 147 Vt. 645, 645-46 (1986) (mem.).  But see OCS/Glenn Pappas v. O'Brien, 2013 VT 11, ¶ 18, 193 Vt. 340 (cautioning that "[t]he conception of subject matter jurisdiction as perpetually open to collateral attack is not entirely correct and is contrary to the modern understanding, particularly in this jurisdiction").  Although defendant frames his argument as a challenge to the Department's subject-matter jurisdiction, we conclude that it is not appropriately characterized as such.

Subject-matter jurisdiction "is a concept easy to confuse with the simple authority to act." Nat. Res. Bd. Land Use Panel v. Dorr, 2015 VT 1, ¶ 14, 198 Vt. 226.  Accordingly, this Court has "been careful to limit the concept in . . . administrative contexts, where the agency generally exercises limited powers and 'virtually any disagreement with its actions can be phrased in jurisdictional terms.' "  Id. (quoting In re Denio, 158 Vt. 230, 235 (1992)).  Our case law recognizes that "an issue is one of subject-matter jurisdiction . . . only where a party disputes 'the power of a [tribunal] to hear and determine a general class or category of cases.' "  State v. Washburn, 2024 VT 45, ¶ 11 (quoting Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 6, 182 Vt. 282).  If an agency "has jurisdiction over the general category of case, however, the fact that [it] errs in exercising its jurisdiction in a particular case within that general category does not implicate [its] subject-matter jurisdiction."  Id. (quotation omitted); see Dorr, 2015 VT 1, ¶ 14.

Defendant does not contend that the Department categorically lacks authority to issue written determinations of wages due and orders for collection.  Nor could it.  Section 342a of Title 21 authorizes the Department to investigate complaints of unpaid wages like the one filed by defendant's former employee here.  21 V.S.A. § 342a(a)-(b).  The statute expressly provides that "[i]f after the investigation wages are found to be due," the Department must "attempt to settle the matter between employer and employee" and "[i]f the attempt fails . . . shall issue a written determination and order for collection, which shall specify the facts and the conclusions upon which the determination is based."  Id. § 342a(c).  Defendant's argument that the Department wrongfully exercised its jurisdiction in this specific case by relying on information provided by the former employee is not a challenge to the Department's general subject-matter jurisdiction to issue orders for collection under § 342a(c).  See, e.g., Washburn, 2024 VT 45, ¶ 12 ("[D]efendant's argument that the court wrongly exercised its forfeiture authority in his specific case is not a question of the court's subject matter jurisdiction to hear animal forfeiture cases in any circumstances."); Dorr, 2015 VT 1, ¶ 14 (concluding assertion that permit had expired and agency and courts were therefore without jurisdiction could not be raised in enforcement action because it was not issue of subject-matter jurisdiction and noting that "[t]his is not a case where the parties fundamentally failed to adjudicate the case in the proper statutorily designated administrative tribunal before proceeding to the superior court" (quotation omitted)).  As a result, defendant's argument could not be raised as a collateral attack in this enforcement proceeding.  See Bennett Est., 140 Vt. at 343 (explaining that while parties may raise collateral attack where underlying order issued without subject-matter jurisdiction, parties "may not, however, collaterally attack mere errors or irregularities in the exercise of jurisdiction").

---

[3]  To the extent it is adequately briefed, we do not consider defendant's argument that a collateral attack is permissible here due to its claim that the underlying determination resulted from fraud on the part of its former employee.  This is so because this contention, too, was raised for the first time in defendant's reply brief.  See Vasseur, 2021 VT 53, ¶ 15.

We therefore turn to defendant's challenges to the merits of the superior court's order. We review a grant of summary judgment without deference, applying the same analysis as the trial court. Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534. Under Vermont Rule of Civil Procedure 56, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

Defendant argues that the trial court erred in concluding that the wage-and-hour-claim examiner's affidavit supported the Department's statement of undisputed material facts. Though defendant now asserts that the affidavit did not satisfy the requirements of Rule 56(c)(6), it did not raise this contention below. See Shlansky v. City of Burlington, 2010 VT 90, ¶ 20, 188 Vt. 470 (explaining that contentions not fairly presented to trial court are not preserved for appeal and concluding plaintiff's opposition to summary-judgment motion failed to preserve argument offered on appeal). This issue is therefore not preserved for our review on appeal. See id. Defendant also notes that in its opposition to summary judgment, it cited a federal district court case allegedly involving its former employee. It argues that the court erred in declining to take judicial notice of this case—which, in its view, supports its assertion that the amount owed was genuinely disputed. Defendant did not, however, expressly request that the court take judicial notice of any adjudicative fact in connection with this federal case below. See V.R.E. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information." (emphasis added)). As a result, this issue is likewise not preserved for appeal. Shlansky, 2010 VT 90, ¶ 20.

Defendant's challenge to the Department's conclusion that it had jurisdiction to issue the final order for collection was not appropriately raised in this enforcement proceeding. Defendant failed to preserve its remaining contentions for our review. It has not demonstrated that the civil division erred in entering summary judgment for the Department.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

4